(No. 16206.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GLEN CARPENTER *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*what is gist of offense of robbery.* The gist of the offense of robbery is the force or intimidation and taking from the person of another, against his will, a thing belonging to him or in his custody.

2. SAME—*value of property is not material in charging robbery.* In charging the offense of robbery the property taken need not be accurately described, and its value is immaterial so long as it is shown to have a value.

3. SAME—*when money need not be described in an indictment.* Except in an indictment for larceny, or where the degree of the offense depends on value, money need not be described in an indictment, and the term itself, without any description, imports value.

4. SAME—*taking property from presence and control of assaulted party constitutes robbery.* To constitute robbery the property must be taken from the person or the presence of the one assaulted; and although property may be in the possession and under the control of a person and yet may not be in his presence, it is sufficient to charge and prove robbery where the indictment alleges and the proof shows that the property was taken from the presence and control of the owner or custodian.

5. SAME—*when an indictment for robbery need not allege property was taken against will or consent.* An indictment for robbery which charges that the defendants did then and there feloniously, violently, forcibly and by intimidation rob, steal, take and carry away money from the presence and control of its owner or custodian is not subject to the objection that it does not expressly allege that the money was taken against the will or consent of said owner or custodian.

6. SAME—*when an indictment is sufficient to sustain verdict of guilty of aggravated form of robbery.* An indictment is sufficient, under the statute, to sustain a verdict finding the defendants guilty of robbery in its aggravated form where it charges that the defendants feloniously made an assault with a dangerous weapon upon the party from whom the money or property was taken.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

I. R. WASSON, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ERNEST J. GALBRAITH, State's Attorney, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were indicted at the May, 1922, term of the circuit court of Peoria county for robbery and larceny. The first four counts of the indictment charged robbery and the fifth larceny. The first three counts were *nolle prossed* by the State's attorney and the case went to trial on counts 4 and 5. The jury returned a verdict finding plaintiffs in error guilty of robbery and larceny, and further found that at the time of the robbery they were armed with dangerous weapons. They were sentenced to the State penitentiary at Joliet for a term of not less than ten years. They are now serving that term. They bring the record here on writ of error, charging insufficiency of count 4 of the indictment, the charging part of which is as follows: "In and upon one Howard Ohlemiller, an employee of the Larkin Co. of Illinois, a corporation, while the said Howard Ohlemiller was engaged in the course of his employment as such employee, feloniously did make an assault with a dangerous weapon, with intent, if resisted, to kill or maim the said Howard Ohlemiller, and the said Howard Ohlemiller in bodily fear and danger of his life then and there feloniously did put and sundry pieces of lawful coin and currency of the United States of America of divers denominations, the denominations being to the aforesaid grand jurors unknown, of the value, in all, of, to-wit, five dollars and forty-three cents, the better and more particular name and description of the said money being to the aforesaid grand jurors unknown, of the goods, chattels and money and property of the Larkin Co. of Illi-

nois, a corporation, in the presence of and under the control of Howard Ohlemiller, an employee of the Larkin Co. of Illinois, a corporation, while engaged in the course of his employment as such employee, then and there feloniously, violently, forcibly and by intimidation did rob, steal, take and carry away," etc.

Plaintiffs in error contend that the indictment, containing, as it does, the averment, "with intent, if resisted, to kill or maim" such person, shows it was drawn under the act in relation to robbery in force prior to the amendment in 1919, which amendment left out those words, and that if such words be considered as surplusage and omitted, the indictment does not charge that the property was taken against the will of Ohlemiller nor that it was taken without his consent; also that the indictment does not charge that the property was taken from the person, but charges that it was taken from the presence and control of Ohlemiller.

Section 246 of the Criminal Code defines robbery as the felonious and violent taking of the money, goods or other valuable thing from the person of another by force or intimidation. (Laws of 1919, p. 431.) The gist of the offense of robbery is the force or intimidation and taking from the person of another, against his will, a thing belonging to him or in his custody. The property taken need not be accurately described, and its value is immaterial so long as it is shown to have a value. Except in an indictment for larceny or where the degree of the offense depends upon value, money need not be described, and the term itself, without any description, imports value. (*People* v. *Fiereto,* 303 Ill. 186; *People* v. *Clark,* 256 id. 14.) Property may be in the possession and under the control of a person and yet may not be in his presence. In order to constitute robbery the property must be taken from the person or the presence of the one assaulted. Where the evidence shows that the property was taken from the presence or control of the owner or custodian, such proof constitutes

proof of robbery under the statute. *People* v. *Sicks,* 299 Ill. 282.

We are unable to follow counsel in his argument that because the indictment does not charge that the property was taken against the will of Ohlemiller or against his consent it is insufficient. It charges that the plaintiffs in error did then and there feloniously, violently, forcibly and by intimidation rob, steal, take and carry away said money. By no means of forced construction could it be said that there is any room even for the inference that money so taken from Ohlemiller might have been in accordance with his will or consent. We are of the opinion that the indictment is not open to this objection.

It is also urged that there is no charge in the indictment sufficient to sustain the verdict of the jury finding plaintiffs in error guilty of robbery in its aggravated form because there is no such charge in the indictment. The statute referred to determines what shall be the so-called aggravated form of robbery, and is as follows: "Or if he is armed with a dangerous weapon, or being so armed, he wounds or strikes him, or if he has any confederate present so armed, to aid or abet him, he shall be imprisoned in the penitentiary for any term of years not less than ten years or for life." Where the indictment charges the defendant to have been so armed or to so strike the person robbed, or where it charges that he has such confederate present so armed, and proof is made sustaining such charge, the jury are justified in returning a verdict of guilty of aggravated robbery. The indictment charges that the plaintiffs in error feloniously made an assault with a dangerous weapon on Ohlemiller and robbed him. The indictment was sufficient.

The judgment will be affirmed.        *Judgment affirmed.*