THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. THOMAS F. WOOD, Plaintiff in Error.

*Opinion filed October 28, 1925.*

1. CRIMINAL LAW—*when indictment is not prejudicial because of improper form.* Where an indictment, because of a surplus of words and erroneous punctuation, is defective in form, it will not be held prejudicial where it is sufficient to inform the jury and the defendant of the nature of the charge.

2. SAME—*evidence tending to show a conspiracy to prosecute must have proper foundation.* In a prosecution for incest, evidence tending to show that the prosecuting witness was induced to make the charge by her brother and sister so that they could force the defendant to transfer his property to them must be based upon a proper foundation, and where there is no attempt to lay a foundation therefor the court does not err in sustaining an objection.

3. SAME—*State's attorney may argue evil results of crime.* It is always improper for an attorney, in his argument to the jury, to attempt to get before it matters not in evidence, but the State's attorney in his argument has a right to dwell upon the evil results of crime and to urge a fearless administration of the criminal law and to comment upon the conduct of the accused.

4. SAME—*when instructions are sufficiently limited to charge upon which conviction is asked.* In a prosecution for incest, where the People, at the direction of the court, have elected to ask a conviction on a particular act of intercourse, it is not error to give instructions directing a verdict which fail to limit the jury to the one act of intercourse, where an instruction on behalf of the defendant specifically informs the jury that the verdict must be based on this act and no other, and that unless they believed the act occurred on or about the date alleged they would not be justified in finding the defendant guilty.

5. SAME—*when judgment and sentence are insufficient—review.* A judgment of conviction of the crime of incest is not sufficient where it merely sentences the defendant to "be delivered to the warden or keeper of the penitentiary at Chester * * * until he is discharged by due operation of law," as it fixes neither the place nor the term of imprisonment; but where the defendant has had a full, fair and impartial trial, upon which no errors of law intervened, he will not be accorded a new trial because of the improper judgment but the trial court will be directed to re-sentence the defendant by proper judgment.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. A. E. SOMERS, Judge, presiding.

FRED HOOD, and CHARLES L. RICE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, E. L. MERCHANT, State's Attorney, MERRILL F. WEHMHOFF, and CHARLES F. MANSFIELD, (C. S. MILLER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Thomas F. Wood prosecutes this writ of error to reverse the judgment of conviction for incest, entered against him in the circuit court of Pulaski county, assigning as error (1) the insufficiency of the indictment; (2) the exclusion of evidence showing a conspiracy to prosecute; (3) improper argument of the State's attorney; (4) the giving of erroneous instructions for the People; and (5) the entering of an incomplete judgment.

Omitting the formal commencement, the indictment charges in two paragraphs:

"That Thomas F. Wood, late of the county of Pulaski and State of Illinois, on the 20th day of March in the year of our Lord one thousand nine hundred and twenty-three, at and in the county aforesaid.

"That Thomas F. Wood in the said county feloniously, rudely, licentiously and knowingly did cohabit with one Blanche Wood, being, as the said Thomas F. Wood then and there well knew, his, the said Thomas F. Wood's, own daughter. contrary to the form of the statute in such case made and provided and against the peace and dignity of the same people of the State of Illinois.          E. L. MERCHANT,
*State's attorney in and for said Pulaski county."*

It is contended that the indictment consists of two distinct and wholly disconnected parts, that neither part is a

complete charge, and that the latter part, which does charge the crime of incest, does not charge the time of the commission of the offense. Due to the carelessness of the author of the indictment there are two periods in the context where there should be commas, and there is a repetition of the words, "that Thomas F. Wood in the said county." While this surplus of words and erroneous punctuation renders the indictment defective in form, it is not possible that the jury and plaintiff in error did not plainly understand the nature of the offense with which plaintiff in error was charged, and so he was in no way prejudiced by the defective pleading. *People* v. *Corder,* 306 Ill. 264.

Blanche Wood testified to several acts of sexual intercourse with plaintiff in error between March, 1923, and October, 1924. Her brother, Fulton, and her sister, Ruth, corroborated her testimony by relating conversations between Blanche and plaintiff in error which they testified they overheard. During the examination of plaintiff in error he was asked by his attorney whether his son, Fulton, came to him while he was in the county jail and told him that inasmuch as he was sure to go to the penitentiary he had better transfer all his property to him and Ruth. The court sustained an objection to the question on the ground that no proper foundation had been laid. Plaintiff in error now contends that Fulton and Ruth are conspiring to get his property, and that they induced Blanche to charge her father with incest in order to force him to make the transfer. There was no attempt to lay a proper foundation for proving such a conspiracy, nor was there any suggestion at the time the court sustained the objection to the question that the purpose of the question was to prove the interest of Fulton in the prosecution. Considering the condition of the record at the time the court ruled on the objection, its ruling was right.

In his closing argument to the jury the State's attorney, among other things, said: "Are you going to sit by and

see this kind of crime committed within your doorstep and enforced in your home with baby girls and baby children?" "I was elected in this county by your people to enforce the law and, by the eternal heavens, so long as I live I am not going to stand by and see this go on, and see this happen so far as little innocent children are concerned, * * * especially, if baby girls are going to be wrecked by their fathers and throwed to the dogs. I am asking you, in the name of God and in all the name of decency, in the protection of your own homes, in the name of protection for your boys and girls, let us rid this country of such brutes as this." It is impossible to lay down a general rule in regard to what shall or shall not be said in an argument to a jury. It is always improper for an attorney, in his argument to the jury, to attempt to get before it matters not in evidence, (*People* v. *Redola,* 300 Ill. 392; *People* v. *McMahon,* 244 id. 45;) but the State's attorney in his argument has a right to dwell upon the evil results of crime and to urge a fearless administration of the criminal law and to comment upon the conduct of the accused. (*Siebert* v. *People,* 143 Ill. 571; *Sanders* v. *People,* 124 id. 218.) Of course, the appeal to the jury to convict the accused must be kept within proper limits, and the trial court should see that the accused is not prejudiced by improper or inflammatory argument. If the evidence on behalf of the prosecution in this case is true, this was an unnatural, shocking and revolting crime. The State's attorney had the right to present his side of the case to the jury and to urge them to rid the community of a character like the one plaintiff in error was shown to be by the evidence offered by the State's attorney. Under the circumstances we do not regard the argument of that character which would justify a reversal.

Complaint is made that the court gave to the jury instructions directing a verdict which failed to limit the jury to the act occurring about May 11, 1924. The evidence shows many acts of sexual intercourse between plaintiff in

error and his daughter, but the prosecution, at the direction of the court, elected to ask a conviction on the act occurring on or about May 11, 1924. By an instruction given on behalf of plaintiff in error the court specifically directed the jury that the verdict must be based on this act and no other, and that unless the jury believed an act of sexual intercourse occurred between the parties on or about May 11, 1924, they would not be justified in finding plaintiff in error guilty. The court did not err in giving the instructions of which complaint is made. *People* v. *Turner,* 265 Ill. 594.

The judgment entered by the circuit court reads: "Judgment and sentence on the verdict that defendant Thomas F. Wood be taken from the bar of this court to the common jail of Pulaski county, from whence he came, and from thence by the sheriff of said county, and be delivered to the warden or keeper of the penitentiary at Chester, and said warden or keeper of said penitentiary is hereby required and commanded to take the body of said defendant Thomas F. Wood and confine him in safe and secure custody from and after the delivery hereof until he is discharged by due operation of law." Plaintiff in error says that the judgment is insufficient because it does not fix the place or the term of the imprisonment. There is no attempt to meet this point in the brief filed on behalf of defendant in error.

The verdict found plaintiff in error "guilty of incest in manner and form as charged in the indictment." The crime with which plaintiff in error was charged is that defined by section 156 of the Criminal Code, and the punishment fixed by that section for its violation is imprisonment in the penitentiary for a term of not less than one year and not exceeding twenty years. The judgment entered in this case does not sentence plaintiff in error to imprisonment in the Southern Illinois Penitentiary or in any other penal institution in the State of Illinois. It merely directs the sheriff to deliver the prisoner to the warden of the penitentiary at Chester and commands the warden to confine the prisoner

in safe and secure custody. This is not sufficient. The judgment must definitely fix the place of imprisonment and the place must be one fixed by law. The judgment not only fails to fix the place of imprisonment but it does not in any manner fix the term of imprisonment. By virtue of the provisions of the act of 1917 in relation to the sentence of persons convicted of crime, the judgment of the court should have been a general sentence of imprisonment in the Southern Illinois Penitentiary for a term not exceeding twenty years. (Smith's Stat. 1923, p. 739.) The term fixed by the section of the Criminal Code relating to the crime of which the prisoner stands convicted is read into every judgment, but it is necessary to state in the judgment the name of the crime, or so describe it that it can be identified by the warden. In the case of incest there are two sections of the Criminal Code describing two different crimes and each fixing a different term of imprisonment. Plaintiff in error stands convicted of cohabiting with his own daughter, and that is the crime that must be described in the judgment so that the punishment fixed for that offense will be taken as a part of the sentence, whether written in the judgment or not.

Plaintiff in error having been accorded a full, fair and impartial trial upon which no errors of law intervened and a legal verdict having been returned against him, he is not entitled to another trial merely because of the error committed by the court in entering judgment. (*People* v. *Boer,* 262 Ill. 152; *People* v. *Rardin,* 255 id. 9; *Wallace* v. *People,* 159 id. 446.) When the circuit court shall have entered a proper judgment no reversible error will remain in the record.

The judgment is reversed and the cause is remanded to the circuit court of Pulaski county with leave to the State's attorney to move the court for the entry of a proper judgment upon the verdict and with directions to the court to allow such motion and re-sentence plaintiff in error.

*Reversed and remanded, with directions.*