THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. HARRY FUNK, Plaintiff in Error.

*Opinion filed February 16, 1927—Rehearing denied April 18, 1927.*

1. CRIMINAL LAW—*taking from presence of party robbed is sufficient to establish offense charged in language of the statute.* Where an indictment for robbery charges the offense in the language of the statute, evidence that the property was taken from the presence of the person robbed is sufficient to prove the charge, as the gist of the offense is the force or intimidation and taking from another, against his will, a thing of his own or in his custody.

2. SAME—*what is sufficient proof of record of conviction in another State to impeach witness' credibility.* To impeach the credibility of a defendant who testifies in his own behalf the record of his conviction of a felony in another State may be admitted in evidence, where the copy of the transcript of the record offered is certified to by the clerk of the court to "be a full, true and complete copy of all proceedings" and contains the certificate of the judge as to the form of attestation and that the clerk is the duly authorized clerk, and a like certificate of the clerk as to the authority of the judge, as provided in the Federal constitution as to proof of judicial proceedings.

3. SAME—*when defendant cannot complain of failure of court to instruct as to form of verdict for lesser offense.* It is not incumbent upon the court to submit issues to the jury for which neither side asks, and where a defendant charged with robbery while armed with a dangerous weapon has not submitted a form of verdict for a lesser offense, he cannot complain of the failure of the court to give, of its own motion, a form of verdict by which he might be found guilty of robbery without being so armed, particularly where his defense is an alibi.

4. SAME—*when error in modifying or refusing instructions will not reverse.* Where the defendant has burdened the trial court with a large number of instructions in a case where the issues are not numerous or complex, the Supreme Court will not reverse a judgment of conviction for error in refusing to give instructions, or in modifying the same, unless it is clear that prejudicial error has thereby arisen.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. STEVENS R. BAKER, Judge, presiding.

Lott R. Herrick, Frank L. Gillespie, Thomas S. Weldon, and William R. Bach, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, James A. Light, State's Attorney, Edward C. Fitch, Emory Smith, and Jesse R. Willis, for the People.

·Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of McLean county of the crime of robbery while armed with a dangerous weapon and brings the cause here for review.

On the afternoon of January 13, 1925, at about two o'clock, two men entered the Farmers Bank of Chenoa and presented a letter to James S. Kelly, president of the bank, purporting to be credentials of bank examiners. One gave his name as McAndrews and introduced the other as Hoefer, his assistant. They stated to Kelly that they had come to examine the books of the bank. The latter accordingly prepared for them in the rear room a table, upon which the books and securities of the bank were placed for their examination. While the table was being prepared the men stood over a register in the outer office warming themselves. After about fifteen minutes Kelly called them into the rear room and showed them where they could work. The only other person in the bank at that time was Anna W. Sommers, the book-keeper, who was behind the counter near the register at which the men stood while preparations were made for them by Kelly. These men called for the bills receivable and bonds. McAndrews checked the cash with the book-keeper. The men continued apparently examining the books and securities of the bank until about five o'clock, when Miss Sommers left for the day. At or about three o'clock a third man, dressed as a mechanic and carrying a bag, came into the bank and inquired for McAndrews, and said to him, "I have finished your

job, and if you will pay me I will go." The latter replied that he was busy and would see him later. The third man took a seat in the lobby of the bank and remained there until after Miss Sommers left. McAndrews explained that they had had an accident with their car on the way to Chenoa and that this man was the mechanic who repaired it for them. Soon after Miss Sommers left the bank McAndrews called Kelly into the back room. Hoefer arose from the table, and while Kelly was talking to McAndrews, with his back towards Hoefer, the latter threw his arm around Kelly's neck, under his chin. The man who had been sitting in the lobby came in and he and Hoefer bound and gagged Kelly and tied him to the seat of a water closet in the toilet room of the bank. Shortly thereafter the men left, taking with them in cash and securities $181,319. Shortly before six o'clock that evening Kelly succeeded in attracting attention by pounding on the floor of the bank and was released. On September 8, 1925, plaintiff in error was arrested in Champaign, Illinois, and taken to the McLean county jail. Kelly and Miss Sommers identified him as the man who had given his name as Hoefer, an assistant bank examiner, and Marie Zeitz, employed in a bakery across the street, identified him as one of three men whom she saw alight from an automobile and go into the bank.

The defense was an alibi. The testimony of the defense on that issue was offered by plaintiff in error and certain witnesses from the city of Chicago. A surgeon of that city testified that he performed an operation on the spine of plaintiff in error on April 4, 1924; that on January 13 (the day of the robbery) plaintiff in error wore a plaster cast, it having been put on on June 20, 1924, and removed on February 13, 1925. The evidence of the witnesses for plaintiff in error on this issue also is to the effect that plaintiff in error was in his room in a hotel in Chicago from June, 1924, until September of that year; that when

he began walking about he was required to move slowly and laboriously, with the assistance of a cane, and that he was in his room in the hotel on January 13, 1925. Witnesses so testifying fix that date by the fact, as stated by them, that the wife of plaintiff in error had been injured on that day in a street car accident. On rebuttal the State produced the proprietor and department buyer of a department store, who testified that plaintiff in error's wife was at work at this store on January 12 and 13, 1925. Evidence was also offered to show the length of time required to travel from the hotel in Chicago to Chenoa by automobile.

Marie Zeitz testified that she was employed in a bakery across the street from the bank; that on the afternoon of January 13, 1925, she saw a large car bearing no license plate stop across the street and that three men got out of the car. One of them, whom she positively identified as the plaintiff in error, removed his hat and smoothed down his hair with his hands, at that time facing her, and that while he was across the street she recognized him very distinctly. All the witnesses for the State testifying concerning the robbery stated that the man who was known as Hoefer walked as though he had been injured.

Plaintiff in error took the stand and denied all knowledge of the crime or that he was in the neighborhood of the scene of the crime at any time on that day but that he was confined to his room in the hotel in which he was living in Chicago. On rebuttal the State, for the purpose of affecting the credibility of plaintiff in error, introduced in evidence a certified copy of the record of the circuit court of Audrain county, Missouri, showing plaintiff in error to have been convicted of the crime of burglary with explosives, and of larceny.

Numerous errors are assigned in the exhaustive briefs presented by plaintiff in error, some of which are not of sufficient merit to justify consideration. The principal objections relied on in argument are: First, that the evidence

fails to show the commission of the crime as charged in the indictment, as the indictment charges the taking of property from the person of Kelly while the proof shows it was taken from his presence; second, there was insufficient proof to justify a finding of guilty of robbery with a gun; third, it was error to introduce the certified copy of the record of the judgment of conviction in Missouri; fourth, the court erred in failing to submit to the jury a form of verdict by which the jury might find plaintiff in error guilty of robbery without a dangerous weapon; and fifth, errors in ruling on the admissibility of evidence and in giving and refusing instructions to the jury.

As to the first contention, it is argued that while the indictment charges the taking of the property from the person of James S. Kelly the proof shows it was taken from his presence, and that such constitutes a variance. The indictment, and each count thereof, charged the taking of certain property by putting Kelly in bodily fear of his life, and that, against the will of Kelly, defendant did by force and intimidation rob, steal and carry away from the person of Kelly a large amount of personal property. Robbery is defined by the statute as the violent taking of money, goods or any valuable thing from the person of another by force or intimidation. The gist of the offense of robbery is the force or intimidation and taking from another, against his will, a thing belonging to him or in his custody. Such taking may be either from the person or the presence of the one assaulted. The indictment was in the language of the statute. The proof was sufficient. *People* v. *Carpenter,* 315 Ill. 87; *O'Donnell* v. *People,* 224 id. 218.

The second contention is, that there is no proof that there was robbery with a gun. Kelly testified positively that plaintiff in error, when he seized and bound him, pointed a gun at his head. The defense offered the testimony of two witnesses to show that after the robbery Kelly had stated that he could not tell whether it was a gun or some-

thing else that was pointed toward him. These witnesses state, however, that Kelly told them that he saw something pointed first at his side and then at his head. His statement on the stand was direct and positive. The testimony concerning a statement made to others went to the weight of his testimony on the witness stand and tended to affect that matter only. Whether he was assaulted with a gun was an issue for the jury. They have decided it against plaintiff in error, and we would not be justified in disturbing that finding. The second contention, therefore, cannot be sustained.

As a third ground, it is urged that the authentication of the record of conviction in Missouri was not sufficient to justify its introduction in evidence; that there was no showing of a placita thereon and that it was otherwise insufficient. The certified copy of the transcript of the record offered and admitted in evidence is certified by the clerk of the circuit court of Audrain county, Missouri, under the seal of the court, as "a full, true and complete copy of all proceedings in the case of State of Missouri *vs.* Harry Funk, as the same remains on file and of record in my office in record book No. 38, at page 248." There appear also the certificate of the judge of the court as to the form of the attestation and that the clerk is the duly authorized clerk of that court, and a like certificate of the clerk as to the authority of the judge. The Evidence act does not apply to the admission in evidence of copies of records of courts of foreign jurisdiction in criminal cases, but the authority for the introduction of such a record is derived from an act of Congress, under the so-called "full faith and credit" clause of the Federal constitution. That act provides: "The records and judicial proceedings of the courts of any State or territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a

certificate of the judge, chief justice or presiding magistrate, that the said attestation is in due form," etc.   (U. S. Comp. Stat. 1916, p. 2431.)   The attestation of this record complies with the requirement of the act of Congress, and it was properly admitted in evidence.  *McMillan* v. *Lovejoy*, 115 Ill. 498.

It is also urged as a fourth contention that it was the duty of the court, on its own motion, to give a form of verdict by which plaintiff in error might be found guilty of the lesser crime of robbery without a gun.   It is not incumbent upon the court to so instruct the jury or to submit issues to the jury for which neither side asks.   It was the privilege of plaintiff in error to submit such a form of verdict if he desired so to do.   Not having done so he can not now complain.   (*People* v. *Savant*, 301 Ill. 225; *Dunn* v. *People*, 109 id. 635; *People* v. *Lucas*, 244 id. 603.)   It may also in this case be said that since the defense was an alibi there is nothing on which to base a verdict of robbery without a gun.

Numerous instructions are complained of.   Plaintiff in error submitted forty-two instructions, of which twenty were either given or modified.   When such an unnecessary and unjustifiable burden is placed on the trial court as that arising through the tender of so many instructions, where the issues are not multiplied or complex, this court will not reverse for error in refusing to give instructions or in modifying the same unless it is clear that prejudicial error has thereby arisen.   We have examined the instructions as given, modified and refused and find no reversible error in the action of the court pertaining thereto.

The contention is also made that the court erred in ruling on the admissibility of evidence; that while evidence admitted was afterward stricken out, the error in its admission was prejudicial.   This evidence had to do with conversations between the witnesses and plaintiff in error while the latter was in jail.   The evidence was not of that char-

acter which works an irremovable prejudice, and the rights of the plaintiff in error were fully protected by the order striking it.

We have examined other contentions concerning the ruling of the court on matters of evidence and find no prejudicial error. The trial court was quite careful to prevent prejudice to the defendant.

The principal issue involved in this case was that arising on the defense of alibi and the matter of identification. Plaintiff in error was positively identified by three witnesses as having been one of the men present and assisting in the robbery of the bank. There is no prejudicial error in this record.

The judgment will be affirmed.    *Judgment affirmed.*