(No. 23559.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE RAVE, Plaintiff in Error.

*Opinion filed June 17, 1936—Rehearing denied October 7, 1936.*

LIBBY & ZIPPERMAN, (MAX L. LIBBY, and ADOLPH M. NEWMAN, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

George Rave in the criminal court of Cook county, at the November term, 1934, on a trial before a jury, was found guilty on the second count of an indictment which charged him with robbery while armed with a dangerous weapon and that prior to the commission of that offense he on July 21, 1922, in the same court, had been convicted of the crime of burglary. The defendant was sentenced to the penitentiary. He has sued out this writ of error.

On September 28, 1934, about 6:00 to 6:45 P. M., the door bell of the second apartment in a two-story apartment building at 7240 Eberhart avenue, Chicago, occupied by George A. Woodruff and his family, rang. Woodruff's daughter answered the call. Two men came up the stairway. One gave his name as Pat Ryan and said he wanted to see the girl's father on business. She admitted both men to the front room of the apartment, asked them to be seated there, and went to the kitchen to inform her father that the men desired to see him. Woodruff, his wife and daughter were then all in the kitchen. Almost immediately Woodruff started for the front room and met the two men, each armed with a revolver. The robbers came into the kitchen, and one said, "This is a stick-up." Woodruff worked in the auditor's office of the Chicago and Eastern Illinois Railroad Company. The man identified as the defendant demanded information as to the location of the roll with which Woodruff was to pay the checks the next day. The money, with a watch and chain valued at $35, was on a desk in the bed-room. One man entered the bed-

room while the other kept the persons in the kitchen covered with his revolver. At about this juncture the door bell again rang, and one of the Woodruff family, at the command of the robbers, applied the buzzer which opened the door. In the meantime one of the intruders cut the telephone wires. Miss Yinger, an acquaintance of the Woodruff family, entered the front room. The robbers immediately pointed their revolvers at her and ordered her into the kitchen. The watch and money were taken by the robbers.

The defendant was arrested on October 3 following, charged with the robbery. Mrs. Woodruff, her daughter and Miss Yinger all identified the defendant as one of the robbers at a show-up at the police station on Saturday following the robbery and also on the trial of the instant case. Woodruff stated that one of the men held a gun pointed at his stomach and that he (Woodruff) sat down, and that one of the robbers had his face concealed with a cap and was behind the man who had the pistol pointed at Woodruff. He testified he was unable to state whether Rave was one of the men in the apartment. The defendant testified and denied that he was guilty. He also offered the evidence of several witnesses tending to prove an alibi.

The sufficiency of the count on which the defendant was convicted was challenged by motion to quash and also in arrest. The court denied the motions. The correctness of such rulings is here for review.

The second count of the indictment, so far as pertinent to the issue here raised, stated the return of the indictment against the defendant by the grand jury at the May term, 1922, in the criminal court of Cook county; that such proceedings were thereafter had in due form of law; that at the July term, 1922, the defendant was in due form of law arraigned and called upon by and before the court to plead to the indictment, and that thereupon he pleaded guilty, and the court, before the entry of the plea, fully

explained to him the consequences of entering such plea; that he persisted in pleading guilty to the crime; that the plea was thereupon received and entered of record in the court, and by said plea the defendant was then and there found and adjudged guilty of and convicted of burglary on July 21, 1922.

The defendant contends that the count is defective because it does not aver a judgment on the plea or a sentence on the finding of the court. He cites several cases from foreign jurisdictions, but they are not conclusive of the issues raised. He also relies on *Faunce* v. *People,* 51 Ill. 311. In the latter case the question arose on the competency of a witness to testify under a then statute which prohibited a witness testifying who had theretofore been convicted of certain crimes therein enumerated. There the witness had been found guilty by the verdict of a jury of one of the offenses set forth in such statute, but at the time the witness was called to testify no · judgment had been pronounced on the verdict. This court held that final judgment on the verdict was required before the culprit was incompetent. The court based its conclusion that such judgment was necessary on the eighth section of article 4 of the constitution of 1848, which granted the Governor power to grant reprieves, pardons, etc., after conviction, for all offenses except treason and cases of impeachment, and required him to communicate biennially to the General Assembly "each case of reprieve  *  *  *  stating the name of the convict, the crime for which he was convicted, the sentence," etc. At the time the decision was rendered in the *Faunce case* there was no statute authorizing probation by a trial court, nor was there a so-called habitual criminal statute. As the statute then existed, if a trial court pronounced judgment against a defendant on a verdict finding him guilty of a felony there must necessarily be a sentence imposed as a part of the judgment. Since the adoption of the statute relating to probation of criminal offenders, a

record showing the verdict of conviction of a defendant of a felony is admissible as showing a former conviction, even though no sentence was pronounced, where the defendant was admitted to probation. (*People* v. *Andrae*, 295 Ill. 445.) In view of the statute providing for the probation of offenders against our criminal laws, we conclude that the *Faunce case* is not authority supporting the defendant's contention.

Black's Law Dictionary, (3d ed.) page 56, defines the word "adjudge" to mean, "to pass on judicially;" "to decide, settle or decree;" "to sentence or condemn," and cites in support thereof *Webb* v. *Bidwell*, 15 Minn. 479, *Western Assurance Co.* v. *Klein*, 48 Neb. 904, 67 N. W. 873, and *Blaufus* v. *People*, 69 N. Y. 107, 25 Am. Rep. 148. Such cases support the definitions given.

It appears from the allegation of the count that a judgment of conviction was entered on the plea of guilty. The grounds urged for quashing the second count of the indictment are without substantial merit.

It is urged by the defendant that the evidence was not sufficient to establish the proof of prior conviction of the crime of burglary charged by the indictment here. On the trial of the case it was stipulated that if the deputy clerk of the criminal court of Cook county were called as a witness he would testify that from the records and files of his court it appears that an order was entered in that court impaneling the grand jury for the May term, 1922; that an indictment against the defendant charging him with burglary was returned by such grand jury at said May term; that thereafter, at the July term, 1922, of said court, the defendant pleaded guilty to the indictment, the plea was received and entered of record, and the defendant was then and there by the plea found and adjudged guilty of burglary; that the stipulation be received in evidence as though the witness and records were produced, and that the defendant in the cause then on trial was the same

George Rave indicted, found and adjudged guilty of burglary in the former proceeding. After this stipulation was made, objection was made thereto that the record did not disclose that at the time the plea was entered the defendant was seventeen years old and that he was placed on probation. It was then agreed that the defendant was at the time of his first purported conviction seventeen years of age, but the State's attorney would not agree that the defendant was placed on probation. It was, however, stipulated that if such deputy clerk were on the stand the defendant's counsel would ask him if it was not true that after the defendant had been adjudged guilty of the crime of burglary he was placed on probation and that the State's attorney would object to the question and the objection would be sustained.

The court properly held, in view of the stipulation made of the prior conviction, that the fact of the defendant being admitted to probation was immaterial. The position of the defendant in the trial court was not that the evidence was not sufficient to show a judgment on the defendant's plea of guilty, but since the defendant had not been sentenced to imprisonment upon his conviction but had been placed on probation such former conviction did not fall within the provisions of the statute. He now urges, because his age at the time of the conviction was not included in the stipulation, that the judgment was void. No showing is made by the defendant that the judgment did not find his age. His age was agreed in the record to be seventeen years at the time of his plea of guilty and twenty-nine years at the time of the present trial. For the purpose of showing a former conviction, in view of the stipulation made on the trial, it was not necessary that the People produce the judgment of conviction showing the age of the defendant at that time. Even if we concede, which we do not, that the first judgment of conviction failed to recite the age of the defendant, that fact, while it might possibly be cause for

reversal on writ of error, but on which we express no opinion, would not render the judgment void so as to subject it to collateral attack in this proceeding. Neither was it requisite that the stipulation contain all the details leading up to the judgment of the defendant's conviction. (*People* v. *Logan,* 358 Ill. 64.) So, also, in view of our statute permitting probation in certain classes of offenses, the fact that the defendant was not sentenced to imprisonment on such plea does not affect the conviction. The admission to probation by the trial court did not in any manner vacate, annul or set aside his conviction of the crime of burglary. (*People* v. *Andrae, supra.*) The case of *People* v. *Jabine,* 324 Ill. 55, cited and relied upon by the defendant, does not support the defendant's contention as to the insufficiency of the evidence to sustain the charge of the defendant's prior conviction.

The court, at the conclusion of the case, gave to the jury an instruction as to the form of verdict in the event the jury found the defendant not guilty, and an instruction as to the form of verdict of guilty by which, in the event the jury found the defendant guilty of robbery in manner and form as charged in the second count, they should further find that at the time of the commission of the offense the defendant was armed with a dangerous weapon and that the defendant had been theretofore convicted of burglary. It is now urged the trial court should have given an instruction as to the form of verdict finding the defendant guilty of the lesser offense of robbery. The defendant is not in a position to question the correctness of the court's action. No objection was made to nor exception taken in the trial court to the giving of the instruction defining the form of verdict to be followed in the event the jury found the defendant guilty. (*People* v. *Reeves,* 360 Ill. 55; *People* v. *Polak,* 360 id. 440; *People* v. *Peck,* 358 id. 642; *People* v. *Grigsby,* 357 id. 141.) Neither did the defendant request a form of verdict by which the jury might find

him guilty of the lesser offense of robbery. It was not incumbent upon the court to give such instruction on its own motion. The defendant not having requested such form of verdict cannot now complain. *People* v. *Funk,* 325 Ill. 57; *People* v. *Gerdy,* 362 id. 130.

The defendant urges that the assistant State's attorney trying the case was guilty of making statements calculated to prejudice the jury against the defendant. It will not be necessary to set out at length all of such statements. There is some merit in this contention. However, in most of the instances where objection was made the court promptly sustained the objection to the improper remarks and instructed the jury to disregard them. In this connection it is urged that the State's attorney improperly asked a witness whether Ed Prendergast was in the penitentiary. Prendergast was by the People claimed to be the man who was the robber companion of the defendant. It was shown the defendant and Prendergast were associates. The court sustained an objection to the question and the statements of counsel with reference thereto.

The assistant State's attorney in his argument referred to the defendant as a "recidivist," and told the jury that that term meant he was an "incorrigible criminal." Black's Law Dictionary (3d ed. p. 1502) defines a recidivist as "a habitual criminal," while Webster's New International Dictionary (2d ed.) gives as one of the definitions, "an incorrigible criminal." The court sustained the objection to this statement of the State's attorney.

It is the duty of the State's attorney to see that the defendant has a fair trial. If we were of the opinion that the case was at all close on the facts we would not hesitate to reverse for some of the improper statements made by the assistant State's attorney. However, we are constrained to hold that in view of the record here the conduct of the State's attorney did not constitute reversible error. *People* v. *Reeves, supra,* p. 66.

Lastly, it is urged that the evidence did not warrant the conviction of the defendant. The jury saw and heard the witnesses testify. The verdict has received the approval of the trial court by denying the defendant's motion for a new trial and imposing sentence upon the verdict returned. It was the province of the jury to determine the facts. They have resolved them against the defendant. While the evidence was contradictory, there was competent credible evidence tending to prove the guilt of the defendant beyond a reasonable doubt. In that situation we would not be justified in disturbing the judgment of conviction. *People* v. *Pecho*, 362 Ill. 568; *People* v. *Brosnan*, 361 id. 545.

The judgment of the criminal court of Cook county is affirmed.