(No. 27777.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH P. CAYLOR, Plaintiff in Error.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

CECIL L. CASS, and GEORGE F. MULLIGAN, JR., both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN R. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Joseph P. Caylor, plaintiff in error, was indicted and tried in the criminal court of Cook county on a statutory

charge of taking immoral, improper and indecent liberties with a certain female child of the age of eleven years, in violation of the Criminal Code. (Ill. Rev. Stat. 1943, chap. 38, par. 109.) The sufficiency of the indictment is not questioned. He was found guilty by a jury and motions, made at the close of the People's case and at the close of all the evidence, to find the defendant not guilty were overruled. After a verdict, motions for a new trial and in arrest of judgment were denied and plaintiff in error was sentenced to the penitentiary for a term not less than three nor more than seven years. To reverse the conviction and sentence this writ of error is prosecuted.

Counsel for plaintiff in error present for consideration four contentions in opposition to the judgment and sentence: (1) that the People's evidence fails to establish the defendant's guilt beyond a reasonable doubt; (2) the prejudicial conduct of the State's Attorney prevented the defendant from securing a fair and impartial trial; (3) the court erred in refusing to give proper instructions requested by plaintiff in error, and (4) overruling plaintiff in error's motion for a new trial.

It is urged by plaintiff in error that he was not proved guilty, beyond a reasonable doubt, of the crime of taking indecent liberties as charged in the indictment. To prove the charge, the prosecuting witness, a female child, eleven years of age, testified that she attended the Nazarene church located in Argo, Illinois, where she resided in March and prior to that time in the year 1943; that she was acquainted with Joseph P. Caylor, plaintiff in error, who was the janitor at the church; that in the month of March, while she was attending Sunday school, he asked her if she wanted something on the table in the furnace room; that after she asked him what was there she entered the room and he came in behind her and locked the door; that he grabbed her under her arms and put her on the table;

that he kept her there about five or ten minutes; that her cousin came down and said her grandmother was coming; that he then let her loose, unlocked the door and she ran upstairs. She further testified that plaintiff in error took her into the furnace room on five or six occasions and that on each of these occasions he committed the acts complained of.

Prosecuting witness was corroborated in her testimony by her cousin, who was about the same age and attended the same Sunday school. The cousin testified that she was playing the piano and saw the prosecuting witness go into the furnace room with plaintiff in error; that this happened five or six times; that plaintiff in error would take prosecuting witness into the basement; that this happened sometimes before and sometimes after Sunday school.

The grandmother of the children testified that she saw them in the company of plaintiff in error, Caylor, at the church of the Nazarene in the month of December; that they were in the basement of the church; that she opened the double door and went downstairs when they failed to come up from Sunday school; that the classroom was downstairs where the children were; that she missed them when they did not come upstairs where they usually met; that the children each had a nickel which they said Mr. Caylor gave them.

Plaintiff in error, 49 years of age, testified that he was the caretaker and janitor of the Nazarene church in Argo, Illinois; that Sunday school was opened at 9:45 and that he opened the door from 9:30 to 9:35, usually around 9:30; that he was acquainted with the prosecuting witness; that he never in his life had anything to do with her and that he never took her into the basement of the Sunday school; that he never had anything to do with her in any way, shape or form. He further denied the testimony of the complaining witness. On cross-examination he admitted

that on one Sunday he took her in his automobile. On redirect examination he testified that about two years ago as he was going home to get some towels for the church he let prosecuting witness and another girl in his automobile at their request; that on this occasion they rode down about three blocks and got out; that he turned the corner about the third or fourth door east of his place, got the towels and returned to the church.

Plaintiff in error offered in evidence as his exhibit 1, the attendance record of the junior girls of the Argo Nazarene church, covering the period from August, 1942, to August, 1943, said attendance record containing the names of twenty girls, including that of prosecuting witness. Two witnesses testified as to the method of keeping the chart and as to its correctness. The pupil who kept the chart testified that when a person was absent it would be indicated by "A" and that sometimes they would just leave it blank; that if they were present it would be indicated by "P." From an examination of the attendance record the method followed showing absentees was not always the same. In the first and second quarters as shown on the chart, those in attendance were specifically shown by "P" and those absent by "A." Blank spaces were not used in these two quarters for the purpose of showing absentees. The pupil keeping the chart further testified that in the third and fourth quarters the method was changed and blank spaces were left showing when pupils were absent, although it is significant from an examination of the chart that in the latter quarters the letter "A" was used in some instances to indicate an absent pupil. It would therefore seem that the system of marking as shown in the first and second quarters was not entirely abandoned in the third and fourth quarters by showing a blank space when a pupil was absent. As the record presents itself the blank spaces would not indicate whether one was or was not present but might indicate their presence had been overlooked.

This record was offered for the purpose of establishing the fact that prosecuting witness was not in the church at the time the alleged acts were committed. This was proper evidence to be considered by the jury along with other facts and circumstances as shown by the evidence, but was contradicted by the testimony of the prosecuting witness and two other witnesses. Where the evidence is merely conflicting this court will not substitute its judgment for that of the jury or the trial court. *People* v. *Bolger,* 359 Ill. 58; *People* v. *Mangano,* 356 Ill. 178; *People* v. *Fortino,* 356 Ill. 415.

It is urged by plaintiff in error that the State's Attorney committed prejudicial error in his closing argument to the jury wherein he said: "You are the ones who are to decide what you are going to do with this class of case. And I say to you that the only way these kind of people are going to be put out of circulation, these morons that hang around in various places that we catch them at whether it is in automobiles, basements, furnace rooms of churches or any place else, the only way that they are going to be taken off the streets is by juries." An objection was interposed to this statement by the State's Attorney, which was overruled by the court. These remarks were not directed personally to the defendant as in the case of *People* v. *Hotz,* 261 Ill. 239, cited by plaintiff in error wherein the prosecutor called the defendant, "You miserable wretch," but the State's Attorney was calling the attention of the jury, urging it to properly administer the law in cases of this character. The State's Attorney in his argument has a right to dwell on the evil results of a crime and to urge a fearless administration of the criminal law and to comment on the conduct of the accused. *People* v. *Beil,* 322 Ill. 434; *People* v. *Wood,* 318 Ill. 388; *Siebert* v. *People,* 143 Ill. 571.

Complaint is made the court erred in refusing defendant's instruction No. 1, as to the presumption of innocence and as to the burden of proof being upon the State to prove

the defendant guilty beyond a reasonable doubt. The court refused the instruction and of its own motion gave the following: "The indictment in this case is not to be considered as any evidence or presumption of guilt against the defendant. It is a mere formal charge necessary to place the defendant upon trial. The defendant under the law is presumed to be innocent of the charge in the indictment and this presumption remains throughout every stage of the trial with the defendant and during your consideration of your verdict and until you have been satisfied by all the evidence in the case beyond all reasonable doubt of the guilt of the defendant. This presumption of innocence is not intended to aid any one who is in fact guilty of crime to escape, but is a humane provision of the law intended, as far as human agencies can, to prevent an innocent person from being convicted. Throughout this case the burden of proving the guilt of the defendant beyond all reasonable doubt is on the State and the law does not require the defendant to prove his innocence. If, therefore, you are convinced from all of the evidence in the case beyond all reasonable doubt that the defendant is guilty as charged in the indictment, it is your duty to find the defendant guilty. If you are not convinced from the evidence beyond all reasonable doubt of the guilt of the defendant, it is your duty to find the defendant not guilty." This instruction fully presented the law on the questions entertained in the objection.

Considering defendant's instructions 8 and 9, other instructions were given which fairly and properly instructed the jury. It is not necessary that each instruction contain all the law either of the case or upon a given subject. (*People* v. *Rife*, 382 Ill. 588; *People* v. *DeRosa*, 378 Ill. 557.) It is sufficient if the series of instructions, considered as a whole, fully and fairly announce the law applicable to the theories of the People and of the defendant, respectively. (*People* v. *DeRosa*, 378 Ill. 557.) Taken as a

series, the jury was fairly instructed and we find no error in giving instructions.

It is contended the People's evidence fails to establish the defendant's guilt beyond a reasonable doubt and the trial court should not have overruled plaintiff in error's motion to direct a verdict of not guilty. In this respect plaintiff in error urges that nowhere is there any corroboration of any acts of indecent liberties. In this we cannot agree. It is true there was some contradiction as to the time the prosecuting witness attended Sunday school as reflected by the chart, but it must be admitted even by the chart that she did attend Sunday school some of the time during the period in question. It cannot be denied that the chart did show that the witness who testified that she was in the basement and saw defendant take the prosecuting witness into the furnace room, was present every Sunday except one during the entire period and had the opportunity of witnessing the events she testified to. This witness testified positively that plaintiff in error took the prosecuting witness into the furnace room. The grandmother of the children testified she saw them in the basement of the church in the company of plaintiff in error. She further testified each had a nickel which the children told her was given them by the plaintiff in error. There was ample corroboration of the testimony of the prosecuting witness. Such corroboration may be by other evidence, facts or circumstances. *People* v. *Elder,* 382 Ill. 388.

The trial court could not have justified any other conclusion from the evidence in the record. Plaintiff in error had a fair trial and was legally convicted. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*