People of State of Illinois, Defendant-In-Error, v. Nora Belle Bruce, Plaintiff-In-Error.

Gen. No. 10,465.

Opinion filed July 12, 1951. Released for publication August 1, 1951.

BURRELL & BURRELL, of Freeport, for plaintiff in error.

ROBERT J. ELLIS, State's Attorney for Stephenson county, of Freeport, for defendant in error.

MR. JUSTICE DOVE delivered the opinion of the court.

Plaintiff-in-error, Nora Belle Bruce, (hereinafter referred to as the defendant) was indicted by a grand jury of Stephenson county on a charge of assault with a deadly weapon. She pleaded not guilty and a trial was had resulting in a verdict finding her guilty of the charge for which she was indicted and her punishment was fixed at one year in the State Reformatory for Women and a fine of $500 was assessed against her.

The trial court entered judgment on this verdict and to reverse that judgment defendant brings the record to this court for review.

Counsel for plaintiff-in-error (who did not appear or represent defendant in the lower court) insists that the trial court erred in the giving of certain instructions, in not submitting to the jury a form of verdict whereby defendant might have been found guilty of a lesser offense than that for which she was indicted, that the State's Attorney made an improper argument to the jury, that the evidence did not prove her guilty beyond a reasonable doubt, and that the verdict of the jury reflected passion and prejudice against her.

The record shows that the prosecuting witness, Mrs. Annie Whitehead, was employed in the Senate Hotel in Freeport, Illinois, and on the morning of February 8, 1950, at about 7:45 was walking to her place of employment. Her route to work on the day in question took her in a northerly direction along the Illinois Central railroad tracks and station. As she approached the south end of the station, the defendant came out of the station, where she had been waiting, and walked toward the prosecuting witness. She had a stick in her hand which was about the diameter of her thumb and approximately two feet long. The prosecuting witness testified that in addition to carrying this stick in one hand she also had a knife with a blade about four or five inches in length in her other hand. The defendant denies that she had the knife in her hand at this time but admits that she had it in her purse and that she thereafter took it from her purse and used it in the altercation which followed. There is a conflict in the testimony as to what words passed between the defendant and the prosecuting witness and as to who commenced the conversation. The complaining witness testified that the defendant attacked her with the stick she was carrying and struck her about the face and head with it until the stick broke; that the defendant then attacked her with a knife, and, in the ensuing scuffle, both fell to the ground, where defend-

116

ant continued to cut and beat the prosecuting witness. The defendant admitted that she assaulted the prosecuting witness with the knife and stick and that she cut her four times before the parties fell to the ground and twice after they were on the ground, and while the defendant was on top of the prosecuting witness. The defendant's version of the trouble is that as she approached Annie Whitehead, (the prosecuting witness) Annie said, "Didn't I tell you that I was going to get you if I caught you"; that Annie then started to fight and defendant then hit Annie with a stick. Defendant then testified, "Annie went to take her hand out of her pocket but I couldn't see whether she had anything or what, but I didn't take time to see. She attacked me once, I didn't wait." The defendant then stated that after she had broken the stick hitting Annie she took the knife out of her purse and used it.

There was only one disinterested occurrence witness, Benny Riley. He testified that he was in the station prior to the encounter between the defendant and Annie Whitehead and saw defendant there; that defendant had the stick in her hand at this time; that after he had talked to the defendant a few minutes she left the railroad station and proceeded to walk south down the station platform; that he saw Annie Whitehead approaching from the south and that when the two of them met they exchanged remarks; that defendant struck the first blow with the stick, after which Annie Whitehead dropped some packages she was carrying and tried to defend herself with her hands; that Annie Whitehead went to the ground with the defendant on top of her and then defendant struck her twice after she was on the ground; that he did not see Annie strike the defendant anytime other than after the defendant had first struck her with the stick; that then Annie fought back with her hands and they tussled over the stick.

117

The prosecuting witness testified that the cuts which she received were of such a nature that nine stitches were required to close a cut in her forearm, five stitches were required in her left cheek and two stitches in a wound near her left temple. She was corroborated by Dr. Victor V. Rocky, whom she consulted.

It is first insisted that the trial court erred in giving the following instruction: "The court instructs the Jury that, although a defendant has a right to be sworn and give testimony in his own behalf, the Jury are not bound to believe his testimony, but they are bound to give it such weight as they believe it entitled to, and his credibility and the weight to be attached to his testimony are matters exclusively for the jury, and the defendant's interest in the result of the trial is a matter properly to be taken into consideration by the jury in determining what weight ought to be given to his testimony."

In addition to the foregoing instruction, the court gave the following instruction: "The jury are the sole judges of the credibility of the witnesses. Your verdict will not necessarily be determined by the number of witnesses testifying for either side. You may take into consideration the number of witnesses testifying in support of or against any fact or statement of facts; the opportunities of the several witnesses for knowing the things about which they testify; their conduct and demeanor while testifying; their age, discretion and experience; their bias or lack of bias; their interest, if any, in the result of the trial; the probability or improbability of the truth of their several statements; the relation which they bear to either side and the extent to which any witness is contradicted or corroborated by any other credible evidence, if at all, and any evidence that tends to shed light on his or her credibility."

118

In *People v. Harrison,* 261 Ill. 517 at 525, the court said, "The defendant's relation to the case is different from that of any other witness, and if any instruction in regard to the method of determining his credibility is to be given, he must necessarily be particularly singled out and the attention of the jury be called specially to him." An instruction singling out the defendant, such as given in this case, has been approved many times. (*Bressler v. People,* 117 Ill. 422; *Doyle v. People,* 147 Ill. 394; *Henry v. People,* 198 Ill. 162; *People v. Gray,* 251 Ill. 431.)

 In *People v. Rogers,* 324 Ill. 224, a similar instruction was given. In commenting on this instruction, the court said that it had a prejudicial effect upon the testimony of the defendant and should not have been given citing *People v. Munday,* 280 Ill. 32. The instruction, however, in *People v. Munday,* 280 Ill. 32, was different than the instruction complained of here. The instruction in that case told the jury that although the plaintiff-in-error had a right to testify, the jury was not bound to believe his testimony, but in considering the credit to be given to it, they might take into consideration his interest in the case and "his desire to evade punishment for the crime for which he is charged." In our opinion when the instruction in the instant case is coupled with the other instruction on credibility given by the court, any error in the giving of the first instruction was cured, because the second instruction given applied the same tests of credibility and weight to be given to the testimony of the defendant as it did to all of the other witnesses in the case.

 Counsel for defendant also insists that the jury should have been given a form of verdict whereby they could have found the defendant guilty of a lesser offense than that for which she was indicted.

In *People v. Rave,* 364 Ill. 72 at p. 78, the court said, "Neither did the defendant request a form of verdict by which the jury could find him guilty of the lesser offense of robbery. It was not incumbent upon the court to give such instruction on its own motion. The defendant not having requested such form of verdict cannot now complain. *People v. Funk,* 325 Ill. 57; *People v. Gerdy,* 362 Ill. 130.'' In the instant case counsel for defendant did not request a form of verdict whereby defendant might have been found guilty of any crime other than assault with a deadly weapon, such as assault and battery, or simple assault. Had counsel believed that defendant was entitled to such a form of verdict, counsel should have submitted such request and form to the court. In this case the assault with a deadly weapon, was admitted. The defense interposed was self-defense, that is that the cuts and bruises inflicted by the defendant upon the prosecuting witness were inflicted by her in her necessary self-defense. The evidence found in this record supports the verdict and the trial court did not err in its intructions to the jury as to the form of its verdict.

It is next contended that the State's Attorney made improper and prejudicial statements to the jury in his final argument. Objection is made to the following argument:

"I think evidence has been brought before you upon the witness stand which should convince you of the seriousness of this case. When any wife fighting for home and family and in my opinion justifiably jealous can be assaulted with impunity by the woman trying to get her husband away, to separate her from her husband, when that can happen in Stephenson County, I say why have law enforcement, something should be done about it. It is a serious situation. And the reason that we enforce the criminal laws of this State is so that by their enforcement others will be deterred from go-

ing and doing likewise. . . . I am asking you in accordance with the seriousness of the facts and circumstances shown to you in this case that you do vote and that you make the sentence, when you bring it in, for one year in jail and $1000.00 fine. I think that is the only way that situations of this kind in this county can be treated with defendants of this type.''

No objection was made to this argument at the time of the trial, or if any objection can be said to have been made, no ruling by the court was obtained thereon. In *People v. Weil,* 243 Ill. 208 at p. 241, the court said, ''The plaintiff in error further complains that the State's Attorney in his argument made improper remarks to the jury. A party cannot assign as error in this court improper remarks by the State's Attorney in his remarks to the jury unless he objects to such remarks at the time they are made, and preserves an exception to the ruling of the court upon such objections or upon the refusal of the court to rule thereon. (*Lipsey v. People, supra; McCann v. People,* 226 Ill. 562.) The statement by counsel for the defendant during the argument of the State's Attorney, 'I except to the statements of the State's Attorney,' or words to that effect, without any ruling of the court or an exception to the failure of the court to rule upon the objection, does not preserve for review in this court an exception to the remarks of the State's Attorney.''

 Statements of counsel and arguments based upon the facts appearing in the proof, or upon legitimate inference deducible therefrom, never transcend the bounds of legitimate debate and are not to be discountenanced by the courts. It is not improper for the prosecuting attorney to reflect unfavorably on the defendant and to denounce his wickedness, and even indulge in invective within the limits of propriety, if based on competent and pertinent evidence. (*People v. Spaulding,* 309 Ill. 292, 309; *People v. Lloyd,* 304 Ill.

23; *People v. Crocker,* 213 Ill. 287.) The State's Attorney has a right to dwell on the evil results of crime and to urge a fearless administration of the law and comment upon the conduct of the accused. (*People v. Caylor,* 386 Ill. 501; *People v. Wood,* 318 Ill. 388.) We think the evidence in this case amply justified the arguments and statements of the prosecutor.

■ It is next contended that the evidence does not show that the defendant was guilty beyond a reasonable doubt. We have heretofore set forth the substance of the evidence and this evidence, in our opinion, warranted the jury in finding that an unprovoked assault with a stick and knife was committed by the defendant upon the prosecuting witness. At the time the parties met, defendant had with her a stick which she used to beat the prosecuting witness and the knife with which she cut her several times. The prosecuting witness was completely unarmed and after they had fallen to the ground and defendant was on top of the prosecuting witness, she continued to beat and cut her. The jury were warranted in not believing that the defendant was acting in defense of her own person. Their verdict has been approved by the trial court and we find nothing in this record which would justify us in setting aside the verdict of the jury and the judgment of the court entered thereon. (*People v. Rave,* 364 Ill. 72, 80.)

■ Lastly, it is contended that the verdict of the jury reflected great passion and prejudice against the defendant. It is to be observed that both the defendant and the prosecuting witness are women and members of the colored race. There is no reason to believe that the jury was prejudiced one way or the other because of the sex of the parties involved or because of the race to which they belonged. The record discloses that a vicious attack with a knife was made by the defendant upon the prosecuting witness. The defendant had a

fair trial and the punishment fixed by the jury was within the provisions of the statute.

We find no reversible error in this record and the judgment of the circuit court of Stephenson county will therefore be affirmed.

*Judgment affirmed.*