THE CITY OF KANKAKEE, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1913.*

1. SPECIAL TAXATION—*power of the court to amend roll upon the hearing.* Under section 52 of the Local Improvement act the court, on the hearing of the application to confirm a special tax for the construction of a local improvement by special taxation upon abutting property in proportion to frontage, may strike from the roll property not abutting upon the proposed improvement.

2. SAME—*court cannot add property to roll without new notice.* A proceeding to construct a local improvement by special taxation of abutting property is a proceeding *in rem* and not *in personam,* and the court is without jurisdiction to add to the roll property not originally included therein without the giving of a new notice such as is required in the first instance, even though the owner is in court objecting as to other property originally included in the roll.

3. SAME—*when location of land is prima facie evidence that it is not benefited.* Where a tract of land comprising the bed of a river is arbitrarily added to a special tax roll on the hearing without any new notice, the roll itself affords no evidence that such tract will be benefited by paving a street forming the bank of the river, and, in the absence of any evidence that it is benefited, the location of the land is itself *prima facie* evidence that it will not be benefited.

4. SAME—*city has power to provide that entire cost of pavement shall be specially taxed against contiguous property.* In providing for the construction of a pavement by special taxation it is for the city to determine whether the improvement shall be paid for wholly by special taxation or in part only, and if in part only, what proportion shall be paid for by special taxation and what part shall be paid for by general taxation.

5. SAME—*land abutting upon an improvement may be specially taxed for its share of cost of street intersections.* Where an improvement is to be constructed by special taxation upon contiguous property all the land contiguous to the improvement may be taxed for its share of the cost of the whole improvement, including street intersections.

6. SAME—*when it is proper to assess whole of railroad right of way as contiguous to improvement.* Where a railroad right of way lies between two parallel streets, which form, respectively, the east and west boundaries of the right of way, such right of way is contiguous to both streets, and when it is sought to pave one

street by special taxation upon contiguous property it is proper to tax the entire right of way as being contiguous to such street.

7. SAME—*when record of special assessment proceeding is admissible in a special tax proceeding.* In a proceeding to confirm a special tax for the paving of a street forming the eastern boundary of a railroad right of way, the record of a special assessment proceeding for paving the street forming the western boundary of the right of way is admissible as bearing upon the question of the extent the right of way is benefited by the improvement to be paid for by special taxation; but the record of the assessment proceeding does not, of itself, show a scheme for carrying on two proceedings for the purpose of assessing the right of way twice for a single improvement.

8. SAME—*witness should not be asked whether special tax exceeds the benefit.* In a proceeding to confirm a special tax it is proper to call upon witnesses to give an opinion as to the amount which the property will be benefited by the proposed improvement, but it is improper to ask them to determine the ultimate fact in the case by asking the direct question whether the amount set down in the special tax roll against certain property exceeds the benefits thereto.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, for appellant.

WALTER C. SCHNEIDER, City Attorney, WAYNE H. DYER, and JOHN H. BECKERS, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The city council of the city of Kankakee passed an ordinance for the paving of a part of East avenue from the north line of Hickory street to the north line of River street and of a part of River street from the east line of East avenue to the west line of Washington avenue, and directed that the whole cost of the improvement should be paid by special taxation to be levied upon the property contiguous to and abutting thereon, in the proportion of the frontage of each lot, block, tract or parcel of land and property.

A petition for the levy of the special tax in accordance with the ordinance was filed in the county court, and an assessment roll was returned amounting to $15,000 on the total frontage of 2762 feet, $6799.61 being assessed against the right of way of the Illinois Central Railroad Company on a frontage of 1252 feet. The railroad company objected to the confirmation of the assessment roll but its objections were overruled, and this appeal is from the judgment of confirmation.

The right of way of the Illinois Central railroad, 200 feet wide, extends through the city of Kankakee north and south, crossing the Kankakee river, and River street, which runs east and west on the north bank of the river. From River street East avenue runs north, adjoining the railroad on the east, and West avenue runs north, adjoining the railroad on the west. Hickory street is the first east and west street north of River street which crosses the railroad, and the distance from the south side of Hickory street to the north side of River street is 852 feet. This, with 200 feet, (the width of the right of way crossed by River street,) makes 1052 feet frontage on the improvement. River street is 70 feet wide, the south 10 feet of its width being under the water in the river. Court street is three blocks north of Hickory street, and the assessment roll as it was returned described the right of way of the appellant which was assessed, as extending from the south line of Court street to the north line of River street. On the hearing of legal objections the description was amended so as to read from the north line of Hickory street to the north line of River street. After the overruling of all legal objections and the hearing of all the evidence on the question of benefits, the court ordered the commissioner to amend the roll so as to describe the right of way of the appellant which was assessed, as extending from the north line of Hickory street to a point 200 feet south of the north line of River street.

Section 52 of the Local Improvement act authorizes the court before which any such proceeding may be pending, to modify, alter, change, annul or confirm any assessment, and make all orders necessary to make a true and just assessment of the cost of the improvement according to the principles of the act, and from time to time continue the application for that purpose as to the whole or any part of the premises. Under this section the court had the right to exclude from the assessment roll all of the land lying north of the north line of Hickory street. The additional tract, 200 feet square, included by the second amendment had not been assessed and no notice had been given with reference to it. If the court had power to bring into the assessment property not included in the roll, it could only be upon notice and the same opportunity to be heard as is given in case of an original assessment. The proceeding is not *in personam* but *in rem*. Notice is required to be given, not to the owner of the property, but to the person who paid the general taxes for the preceding year, and such notice gives the court jurisdiction to proceed against the property. The fact that the railroad company was in court, in pursuance of notice given for that purpose, opposing the assessment of one tract, gave no jurisdiction to assess another tract as to which no notice of assessment had been given. If the additional tract had belonged to one not appearing in court, no one would contend that it could be assessed without a notice of the same nature as the original notice, given in the same manner. Section 50, which provides for the distribution of a deficiency caused by the reduction of an assessment, provides that in case any portion of such deficiency be charged against property not represented in court, a new notice of the same nature as the original notice shall be given in the same manner as the original notice, to show cause why the assessment as increased should not be confirmed, and the owners of or parties interested shall have the right to object in the same

form and with the same effect as in case of the original assessment. The appellant was in court, by its attorneys, representing only the tract as to which notice of assessment had been given. The other tract was not before the court, and, of course, was not represented. After the order to change the roll was made the court inquired if the appellant cared to introduce any further evidence, and the appellant's counsel answered "No." The appellant could not at that time be called upon to answer as to the added tract for the court had not acquired jurisdiction of it, and it did not consent to any action of the court by declining to proceed. In addition to the lack of jurisdiction, there was no evidence that the added tract would receive any benefit from the assessment. The assessment roll was not evidence of benefit, for the tract was added to that roll arbitrarily, without any evidence on the question of benefits to it, and the evidence of the location itself was sufficient *prima facie* to show that there were no benefits, for, ordinarily, paving the bank of a stream cannot improve either the water or the land beneath it.

It is insisted that in the improvement of streets to be paid for by special taxation the law contemplates that the municipality shall pay for the improvement of street intersections. In such case the city council has the sole power of determining whether the improvement shall be paid for wholly by special taxation or in part only, and if in part only, what proportion shall be paid for by special taxation and what proportion by general taxation. (*City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296; *City of Peru* v. *Bartels,* 214 id. 515; *Birket* v. *City of Peoria,* 185 id. 369.) Land in the middle of a block is not contiguous to the street intersection but it is contiguous to the improvement, and all land contiguous to the improvement is properly assessed for its share of the cost of the whole improvement, including intersections of streets.

The assessment was of the whole width of the right of way between East avenue and West avenue, and it is insisted that the west half of the right of way is contiguous to West avenue but not to East avenue, and that therefore the assessment should have been confined to the east half. The right of way was contiguous to both avenues and it was proper to assess it as a whole.

The appellant offered in evidence the record of a special assessment proceeding against this same portion of its right of way for the paving of West avenue and other streets. It was insisted that there was but one scheme of improvement; that the two improvements should have been included in one ordinance; that the appellant's right of way has been once assessed, and that the carrying on of two proceedings, one by special taxation and one by special assessment, was for the purpose of assessing the right of way twice for the same thing. The evidence offered did not, by itself, tend to prove such a scheme or purpose and there was no offer of additional evidence. The record should have been admitted, however, for the other purpose for which it was offered. It would have shown that the right of way had already been specially assessed for the paving of West avenue, and would have had a material bearing upon the question to what extent the paving of East avenue also would be a benefit to the right of way.

In examining a witness called for the purpose of sustaining the assessment appellee's counsel asked the following question in chief: "I show you now the assessment roll filed in this case, with an assessment total of $6799.61 assessed against that portion of the Illinois Central right of way lying between the north line of Hickory street and the south line of River street, and I will ask you whether in your opinion that assessment exceeds the benefits that that property will derive from this improvement?" The question was objected to as leading, and the witness answered: "No, sir; I don't think it does, according to my assessment."

Substantially the same thing occurred with another witness. The objection should have been sustained. The question merely set up a mark for the witness to hit. That question was the ultimate fact to be determined. Witnesses could properly be called upon to give an opinion as to the amount that the property was benefited but not to determine the whole issue.

It is a serious question whether the amount of this assessment can be sustained under the evidence, and the errors occurring on the trial were such as to require a reversal of the judgment and the remandment of the cause for a new trial.                     *Reversed and remanded.*