(Nos. 16282-16283.—Reversed and remanded.)
THE VILLAGE OF DOWNERS GROVE, Appellee, vs. JACOB
GLOS, Appellant.

*Opinion filed April 24, 1925.*

1. JUDGMENTS AND DECREES—*when judgment may be amended after expiration of term.* After expiration of the term at which a judgment is rendered it may be amended in matter of form after notice to the parties, and a judgment not properly entered may, after notice and a hearing, be corrected *nunc pro tunc,* but the court cannot set aside a judgment entered at a previous term.

2. SPECIAL ASSESSMENTS—*when judgment of confirmation can not be amended as correcting description of the property assessed.* After the expiration of the term at which it was entered, a judgment of confirmation cannot be amended, on petition of the city, by striking out the lot numbers of certain tracts assessed and substituting the numbers of lots not on the roll, as the proceeding is *in rem,* and such correction amounts to the entry of judgment against different property, which cannot be done without another notice and hearing.

3. PRACTICE—*what amendments may be made under section 89 of Practice act.* Section 89 of the Practice act, which abolishes the writ of error *coram nobis,* cannot be applied to correct error arising out of lack of knowledge of the court of facts constituting the cause of action or defense, but it applies only to correct errors arising out of a want of knowledge of such facts as would have prevented entry of judgment, such as disability of the parties.

4. TAXES—*section 191 of the Revenue act does not authorize amendment in special assessment proceedings.* Section 191 of the Revenue act, authorizing amendments in all judicial proceedings for the collection of taxes and special assessments, does not apply to a proceeding for levying a special assessment, as the practice in such proceeding is determined by section 52 of the Local Improvement act.

5. SAME—*section 191 of Revenue act does not authorize amendment of judgment after term.* Section 191 of the Revenue act, authorizing amendments to be made in proceedings for the collection of taxes and special assessments, does not authorize the court to change or modify its judgment after the expiration of the term at which it was rendered and when the cause is no longer pending.

APPEAL from the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

G. H. BUNGE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On May 2, 1922, the village of Downers Grove filed a petition in the county court of DuPage county to levy upon property benefited a special assessment for constructing a local improvement. The proceeding was known as special assessment No. 61, and resulted on September 18, 1922, in the confirmation of an assessment of $1500 and $1700, respectively, against the south 250 feet of lot 27 and the north 300 feet of lot 31 of Assessor's subdivision of section 8, township 38, north, range 11, east of the third principal meridian, assessed in the name of Jacob Glos. Glos appeared and filed objections to the confirmation of the assessment as to the premises in lots 27 and 31, and the order of confirmation reduced the assessment on these premises $151.50 and $281.80, respectively. The improvement was constructed and a certificate of completion and final cost was filed in the county court, which after a hearing was approved and confirmed on March 17, 1924. On November 5, 1923, the village passed an ordinance for a supplemental special assessment, to be known as special assessment No. 75, for the purpose of providing for the deficiency of the amount levied by special assessment No. 61 to pay the cost of construction, and interest. A petition was filed in the county court for the levy of the supplemental assessment. Glos made no appearance in this proceeding, which resulted in the confirmation, on December 24, 1923, of the supplemental assessment against the same premises of $150 and $170, respectively. On May 5, 1924, the village filed a petition in each of the previous proceedings, alleging that through a clerical error of the person making the assessment, which through inadvertence and oversight neither the

village nor the objector discovered until after the orders of confirmation were entered, there was a misdescription of the two tracts of land as parts of lots 27 and 31 when they should have been described as parts of lots 28 and 29, and the correct descriptions, by metes and bounds, of the parts of lots 28 and 29 as alleged by the village were set forth in the petition.   The prayer of the petition was for an order amending the assessment roll in accordance with the petition, and after a hearing, at which Glos appeared, an order was entered, over his objection, allowing the amendment of the respective assessment rolls by the substitution of the descriptions contained in the petition, the assessments to stand as they had been previously confirmed.   Glos has appealed from the orders allowing these amendments.   As the causes are identical except as to descriptions of property and amounts of assessment they have been considered and will be determined together.

The terms of court at which the judgments of confirmation had been rendered had expired long before any application was made for the correction of the judgments, and it is a rule long established that a court has no authority to set aside its judgment after the expiration of the term at which it was entered.   After notice to the parties it may be amended in matter of form, and if the judgment actually rendered by the court has not been truly entered by the clerk, an order may be entered, after notice to the parties and a hearing, *nunc pro tunc,* to correct a judgment rendered by the court at a previous term.   The amendments which were actually made in these proceedings were not matters of form and were not orders entered directing the entry *nunc pro tunc* of a judgment which had not been truly entered.   There is no claim that there was any error in entering the judgments of confirmation.   They were entered at the time they were rendered by the court, and as entered were the judgments that the court intended to render.   The assessment roll described the property in lots 27

and 31 as belonging to Jacob Glos and contained an assessment against that property, to which objection was made. The court reduced the assessment on that property and rendered judgment for the reduced assessment. By the amendments made months after the expiration of the term, the property against which judgment was rendered was stricken from the assessment roll and other property not included in the assessment roll was substituted for it. In effect the judgments of September, 1922, and December, 1923, were set aside and judgments were rendered confirming an assessment against other property which had not before the date when the judgment was rendered been included in the assessment roll. The court had no jurisdiction to render such a judgment. The case which the court heard was an application against premises in lots 27 and 31. The judgment rendered was entirely regular. The fact that the petition misdescribed the property and that through the error of one or both of the parties it was submitted to the court and decided did not give the court jurisdiction to set its judgment aside after the expiration of the term. The proceeding was one *in rem* and not *in personam.* The subject matter of the suit was the property described in the assessment roll. The judgment was against that property and not *in personam* against the owner or the person who paid the taxes or the person who filed the objections.

In *City of Kankakee* v. *Illinois Central Railroad Co.* 258 Ill. 368, an application was made to confirm a special assessment against the right of way of the railroad company. On the hearing the court ordered the commissioner to amend the roll so as to describe the right of way as extending from the north line of Hickory street to a point 200 feet south of the north line of River street. The effect of this amendment was to exclude from the application a portion of the right of way on the north end of the improvement extending from Hickory street north three blocks, which was included in the assessment roll, and to

add on the south end a block 200 feet square.   It was held
that the court had the right, under section 52 of the Local
Improvement act, to exclude from the assessment roll all
of the right of way lying north of the north line of Hick-
ory street, but that it had no power to bring into the assess-
ment roll land not included in the roll which had not been
assessed and as to which no notice had been given, and the
fact that the railroad company was in court opposing the
assessment of one tract as to which notice had been given
gave no jurisdiction to assess another tract as to which no
notice had been given.   The principle applies to the substi-
tution of one property which had not been included in the
assessment roll and in reference to which no notice had been
given, for another which had been included in the assess-
ment roll and in reference to which notice had been given.
The court had the power, while the cause was pending, to
exclude from the roll the premises in lots 27 and 31, but
not to add those in lots 28 and 29 without another notice.

The appellee contends that section 89 of the Practice
act, which abolishes the writ of error *coram nobis* and pro-
vides that all errors of fact committed in the proceedings
of any court of record which by the common law could have
been corrected by that writ may be corrected by the court
in which the error was committed, upon a motion in writ-
ing made at any time within five years after the rendition
of final judgment, upon reasonable notice, authorizes the
amendments which were made.   If that section applies to
a proceeding for the confirmation of a special assessment,
the errors which are here brought in question were not of
such character as may be corrected by means of such a mo-
tion.   In *Marabia* v. *Mary Thompson Hospital,* 309 Ill. 147,
it was said that the errors of fact which could be made the
basis of such a writ of error *coram nobis,* and can now be
made the basis of a motion, are not errors upon such ques-
tions of fact as arose upon the pleadings in the original
case or questions of fact averred in the pleadings upon

which issue might have been taken, or such questions of fact as constituted the basis of the cause of action or defense upon the merits of the case or might have been pleaded as a defense to the merits. They were questions referring to the disability of the parties, incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, or insanity. Such facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis* applies, and not to lack of knowledge on the part of the court of facts constituting the cause of action or a defense.

The appellee relies on section 191 of the Revenue act, which authorizes amendments in all judicial proceedings for the collection of taxes and special assessments. This section refers to judicial proceedings pending in court for the collection of taxes and special assessments and has no application to the levying of a special assessment. The practice, so far as amendments in special assessment proceedings is concerned, is determined by section 52 of the Local Improvement act. Section 191 authorizes the court in which any proceeding is pending for the collection of taxes or special assessments to permit any amendments which could be made in any personal action pending in such court, and to permit the correction of any irregularity or informality in the assessment rolls or tax lists or in any of the proceedings connected with the assessment or levy of taxes, or any omission or defective act of any officer or officers connected with the assessment or levying of such taxes to be corrected, supplied and made to conform to law by the court or by the person (in the presence of the court) by whose neglect or default the same was occasioned. It does not confer on any court the authority to change or modify its judgment after the expiration of the term at which it was rendered, when the cause is no longer pending.

The amendments were without authority of law. The judgments of the county court are reversed and the causes are remanded, with directions to deny the prayer of the petitioner to amend the judgments of confirmation.

*Reversed and remanded, with directions.*