(No. 20427.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH C. MORAN, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 10, 1931.*

Eugene McCaffrey, and Jay J. McCarthy, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and Joel C. Fitch, (Grenville Beardsley, and Edward E. Wilson, of counsel,) for the People.

Mr. Justice Farmer delivered the opinion of the court:

This proceeding is under section 89 of the Practice act, (Smith's Stat. 1929, p. 2187,) which provides: "The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

Plaintiff in error was indicted in the criminal court of Cook county in June, 1917, for robbery while armed with a dangerous weapon. He pleaded not guilty, a trial was had, and on July 31, 1918, the jury returned a verdict finding him guilty. On October 1 thereafter he was taken to the penitentiary, where he is now confined. About the 10th of February, 1930, he filed in the criminal court of Cook county a petition and motion under section 89 of the Practice act and about the first of March filed a supplemental petition which asked that the judgment entered in the case against him be vacated. The State's attorney filed a motion to

strike the petition and supplemental petition from the files. Later a hearing was had and the court denied the petition of plaintiff in error.

The petition and motion of plaintiff in error were based on the allegation that when the verdict of guilty was returned no sentence was pronounced on the verdict; that plaintiff in error was never in court after the verdict was returned and no judgment or sentence was pronounced in his presence. The motion alleged that when the verdict was returned he dared and defied the court to sentence him and that no sentence was pronounced and that he was never in court afterwards, and so if any sentence ever was pronounced he was not present. We are of opinion plaintiff in error's remedy was not under section 89 of the Practice act. His position is somewhat inconsistent, as it is asserted there was no judgment ever rendered on the verdict and by the petition it is sought to set aside or vacate the judgment. Of course, the law is well settled that the record shall affirmatively show the defendant was present in court when sentence was imposed if there is any corporal punishment administered. (*Harris* v. *People,* 130 Ill. 457; *Fielden* v. *People,* 128 id. 595; *Brooks* v. *People,* 88 id. 327; *Hopt* v. *Utah,* 110 U. S. 574.) The rendition of a judgment and pronouncing sentence of the law are judicial acts, (Black on Judgments, sec. 106, p. 113,) while the entry of a judgment by the clerk is a ministerial act. The motion under section 89 is an appropriate remedy in criminal cases to set aside a conviction where obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, and without negligence on his part, he has been deprived of a defense which he could have made at his trial and which if known to the court would have prevented a conviction. (*People* v. *Crooks,* 326 Ill. 266.) There could have been no mistake of fact which was known to the court in the conviction and sentence of plaintiff in error to prison. The abstract is somewhat confusing and

incomplete, but as we understand it the record as abstracted fails to show that there ever was any judgment rendered on the verdict in this case. The State's attorney, over the objection of plaintiff in error, introduced a copy of the *mittimus,* which recites that a judgment was rendered, and the *mittimus* directs the defendant be delivered to the penitentiary at Joliet and there kept confined until discharged according to law. The *mittimus* recites that a judgment was rendered, but plaintiff in error asserts this is contradicted by the criminal record itself.

What section 89 authorizes is the vacation of a judgment within five years on account of a mistake of fact upon which the jurisdiction of the court to proceed depended and which defect did not appear upon the face of the record. There was no mistake of fact on the part of the court in this case. The court is presumed to know whether it has rendered judgment on a verdict or not. While the record apparently failed to disclose that any judgment was rendered on the verdict, the court was not mistaken about it when he issued the *mittimus,* so we see no place for the motion under section 89. That section only authorizes the correction of a judgment upon the existence of facts which would have prevented the judgment if they had been known to the court. The court in this case knew whether judgment was rendered or not, and, whether it had or not, it was no mistake of fact which caused defendant to be sent to the penitentiary.

The writ of error was properly denied because the section of the statute under which the petition was filed and the motion made did not authorize the proceeding to be conducted under section 89 of the statute.

*Judgment affirmed.*