(No. 28702.—

THE PEOPLE *ex rel.* Gale E. Swolley, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Announcement made March 22, 1945.*

ORIGINAL PETITION for *habeas corpus.*

GALE E. SWOLLEY, *pro se.*

Per CURIAM: Gale E. Swolley presented a motion to this court asking leave to file an original petition for writ of *habeas corpus.* Petitioner was convicted in the criminal court of Cook county in January, 1934, of the crime of kidnaping for ransom, and sentenced to imprisonment in the penitentiary for life. Petitioner alleges that he was taken into custody by police officers from Chicago while he was at his place of business in Peoria; that they took him by force to Cook county and illegally held him without the issuance of process for a period of ten days. He states that after said ten-day period he filed a petition for writ of *habeas corpus,* and that to avoid action on such petition the State's Attorney presented the matter to the

grand jury, and upon consideration thereof an indictment was returned charging him with the crime stated.

The points relied upon for the issuance of the writ are that he was confined in the penitentiary without authority in law, that he was denied due process of law and equal protection of the laws, and that in imposing the sentence of imprisonment the judge who presided at the trial of his conviction assumed legislative functions.

It is well settled that the writ of *habeas corpus* cannot be permitted to take the place of a writ of error for the purpose of reviewing errors of a court having jurisdiction of the person and subject matter. If a court has jurisdiction, in a criminal case, of the person and of the subject matter, the question whether errors or irregularities have occurred in the exercise of the jurisdiction can only be determined upon a writ of error. Petitioner has failed to set forth facts in his petition showing a lack of jurisdiction of either the subject matter or of his person. He complains of the errors in instructions. Before an original petition for writ of *habeas corpus* may be filed in this court, the petition must show that there was a lack of jurisdiction of the court to try the cause. Furthermore, the petition in this case will have to be denied, for no part of the record of conviction is attached to the petition as an exhibit or presented in connection with the application. In the absence of the record, the presumption is that the court followed the proper procedure and had jurisdiction to render the judgment. Any petition which raises questions of fact, only, will not be considered. This court does not try questions of fact.

The reasons assigned in support of this petition are errors that occurred in the trial of the case, and although they might have been of sufficient force to have caused a reversal upon writ of error, they do not furnish grounds for the granting of a writ of *habeas corpus*.

The motion is denied.

*Motion denied.*