(No. 28947.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE RAVE, Plaintiff in Error.

*Opinion filed January 23, 1946.*

436

Charles A. Bellows, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Joseph A. Pope, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Plaintiff in error, hereinafter referred to as defendant, filed in the criminal court of Cook county a motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act, seeking to review and set aside a judgment entered against him on a verdict of guilty on trial of a charge of robbery. The petition was denied and plaintiff in error seeks review here. The original judgment of conviction was reviewed by this court and affirmed in *People* v. *Rave,* 364 Ill. 72.

The petition in substance alleged that the indictment against the defendant, which was returned by the grand jury of Cook county in October, 1934, charged the defendant with committing the offense of robbery with a pistol, and that the second count in the indictment was based on the Habitual Criminal Act and charged that the defendant had formerly been adjudged guilty and convicted of the crime of burglary on July 10, 1922. The petition further

alleged that on July 10, 1922, he entered a plea of guilty to the indictment referred to in count two and that the court thereupon entered the following order: "The court orders said plea to be accepted and entered of record against the said defendant. And the court doth find that the said defendant, George Rave, is now about the age of seventeen years. Counsel for said defendant now here moves the court to release the said defendant on probation in this cause. And it is ordered by the court that said motion be and the same is hereby continued until July 21, 1922." The petition further alleged that on July 21, 1922, the court entered an order that said defendant be released on probation for a period of one year on his own recognizance of $500; that on September 3, 1923, the court entered an order that the said defendant, George Rave, having complied with the provisions of his probation, be discharged from further supervision. The petition alleged he was found guilty under the habitual-criminal count of the 1934 indictment and was accordingly sentenced on December 3, 1934, to the Illinois State Penitentiary for his natural life, and that he has been confined in the Illinois State Penitentiary ever since.

The petition further alleged that the judgment and sentence of life imprisonment was erroneous and a nullity, inasmuch as petitioner had not been lawfully convicted of the crime of burglary as charged in the first indictment; that if the trial court in the present case had known that petitioner had not been convicted of the crime of burglary he would not have been sentenced under the Habitual Criminal Act to a term of life imprisonment; that petitioner is not guilty of the crime upon which he was convicted and sentenced, and the petition concluded by praying that the defendant be brought before the court in order that he be present and testify.

The State's Attorney filed a written motion to dismiss said petition on the grounds, among other things, that the

alleged facts stated by the petitioner were known to him at the time of the trial and through his own negligence and carelessness were not presented to the court at the time of the trial; that the defendant was not prevented from presenting the above alleged facts to the court at the time of the trial either by duress, fraud, excusable mistake or ignorance; that the alleged facts are insufficient to give the court jurisdiction in the above-entitled cause; that no action was taken within the statutory period of five years, and, therefore, the same is barred.

Plaintiff in error contends that the trial court erred in dismissing the petition for writ of error *coram nobis* without granting the plaintiff in error a hearing on the same.

The question presented for determination is whether, taking all the facts well pleaded in the motion, and admitted by the People's motion to dismiss, to be true, the plaintiff in error is entitled to the relief authorized by section 72 of the Civil Practice Act. That section (Ill. Rev. Stat. 1943, chap. 110, par. 196,) provides: "The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." Under this section, which is the same as section 89 of the Practice Act of 1907, we have held that the errors which may be corrected by the court upon a motion of this kind are such errors in fact as could have been corrected by a writ of error *coram nobis* at common law. (*Marabia* v. *Mary Thompson Hospital*, 309 Ill. 147.) At common law this writ was allowed for the purpose of revoking a judgment for some error in point of fact and not in point of law, not appearing on the face of the record. *Jacobson* v. *Ashkinaze*, 337 Ill. 141.

The purpose of the writ of error *coram nobis* is to bring before the court rendering the judgment matters of fact not appearing of record which, if known at the time the judgment was rendered, would have prevented its rendition. (*People ex rel. O'Connell* v. *Noonan, 276* Ill. 430.) Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case.

In *Jerome* v. *Quincy Street Building Corp.* 385 Ill. 524, at page 527, this court, in passing upon a motion for relief in the nature of a writ of error *coram nobis*, said: "The facts upon which the alleged error in this case was committed were a matter of record and before the court when the judgment was entered. The entering of the orders of default and judgment had the legal effect of a holding by the court that service had been obtained a sufficient length of time to meet the requirements of Rule 4 of this court and to authorize the entering of an order of default and judgment without further delay. By the motion, defendant asked the court to review its former ruling in this regard and to hold the orders of default and judgment were prematurely entered. The question thus presented involved a question of law which required a construction of Rule 4 and its application to the admitted facts. Such matters are not within the field of inquiry allowable under a motion filed under section 72 (par. 196) of the Civil Practice Act. The rule is well established that such a motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law. *People* v. *Crooks,* 326 Ill. 266; *Village of Downers Grove* v. *Glos,* 316 Ill. 563; *Marabia* v. *Mary Thompson Hospital,* 309 Ill. 147." See, also, *Jacobson* v. *Ashkinaze,* 337 Ill. 141, at page 146.

And in *Chapman* v. *North American Life Ins. Co.* 292 Ill. 179, in considering a similar question raised by a motion filed under section 89 of the Practice Act of 1907, the court said: "the trial court cannot review itself or its own judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the term of court has ended."

In the case at bar the defendant was asking the criminal court, but not the judge before whom the case was tried in the criminal court and by whom the judgment of conviction was entered, to review its former ruling as to defendant's former conviction of burglary and to hold that the judgment of that court finding the defendant was formerly convicted was erroneous. Under the *Jerome case,* 385 Ill. 524, this cannot be done by *coram nobis.*

Furthermore, the facts of the defendant having entered a plea of guilty and having applied for release on probation, as well as the order of court releasing the defendant on probation, were all matters of record in the criminal court of Cook county, and the court not only would take judicial notice of its own records but is presumed to know what its record shows. (*People* v. *Moran,* 342 Ill. 478, at page 481.) What fact, therefore, was unknown to the court from the record before it? The plaintiff in error has not pointed out any fact not of record other than his claim that if the criminal court had known that the judgment in the burglary case did not contain a final judgment or sentence, then the criminal court in the later case would not have imposed such a severe sentence.

The failure to interpose this defense was certainly negligence on the part of the defendant or his attorneys. It appears from the opinion of this court in the case of *People* v. *Rave,* 364 Ill. 72, wherein this conviction was reviewed on writ of error to the criminal court of Cook county, and affirmed by this court, that the defendant was

represented by counsel, and the substance of the stipulation between defendant's counsel and the State's Attorney is set forth showing the return of the indictment, the plea of guilty by the defendant and that the defendant "was then and there by the plea found and adjudged guilty of burglary;" and this court said: "The position of the defendant in the trial court was * * * that * * * since the defendant had not been sentenced to imprisonment on his conviction but had been placed on probation, such former conviction did not fall within the provisions of the statute;" and we further said: "Since the adoption of the statute relating to probation of criminal offenders, a record showing the verdict of conviction of a defendant of a felony is admissible as showing a former conviction, even though no sentence was pronounced, where the defendant was admitted to probation." Citing *People* v. *Andrae,* 295 Ill. 445.

Counsel for plaintiff in error, in replying to the contention of the People that the question whether the defendant was previously convicted of the crime of burglary was adjudicated by this court in *People* v. *Rave,* 364 Ill. 72, says that this decision was based on the ground that a judgment of conviction was entered of record, and says this is borne out by the court's opinion which he quotes. However, plaintiff in error says that this court was bound by a stipulation entered into between the People and the defendant and his counsel to the effect that the defendant was indicted, found and adjudged guilty of burglary in the former proceeding, and then says that this stipulation was contrary to the actual record in the prior case, which contained no finding of a judgment by the trial court, and he further says that the petition for writ of error *coram nobis* is based on this stipulation. It is true that we said "the court properly held, in view of the stipulation made of the prior conviction, that the fact of the defendant being admitted to probation was immaterial," this being in reply

to the contention of the defendant that the evidence was
not sufficient to establish the proof of a prior conviction
of the crime of burglary charged by the indictment, and
we set forth the stipulation in that case and said: "For
the purpose of showing a former conviction, in view of the
stipulation made on the trial, it was not necessary that the
People produce the judgment of conviction showing the
age of the defendant at that time," but we further said:
"in view of our statute permitting probation in certain
classes of offenses, the fact that the defendant was not
sentenced to imprisonment on such plea does not affect the
conviction. The admission to probation by the trial court
did not in any manner vacate, annul or set aside his con-
viction of the crime of burglary." Citing *People* v. *An-
drae,* 295 Ill. 445. Our decision was based not upon the
stipulation, but was based upon the effect of the Probation
Act, and we adhere to said decision and hold it to be the
law of this case. Furthermore, the defendant and his
counsel, having stipulated to this fact before the trial court,
are bound by it and cannot now in this proceeding avoid
its binding effect.

In the *Andrae* case, this court construed section 2 of
the Probation Act which provides for release on probation
"when nothing remains to be done by the court except to
pronounce sentence," and said that the phrase "after entry
of judgment" as used in section 2 means that period in
the proceedings where the accused had taken all the steps
he desired to take and where the court has decided finally
to receive and enter the plea or verdict of guilty on the
records of the court, and that a record showing that the
defendant had previously been tried on a charge of burg-
lary and found guilty by the jury is admissible as showing
a former conviction, even though no sentence was pro-
nounced, where such record also shows that, after his mo-
tion for new trial was denied, defendant filed a petition
for release on probation and that an order releasing him

on probation was entered. We further said in that case that a release on probation does not in any way set aside the conviction of the accused, nor preclude the admission of the record of his conviction in evidence for the purpose of affecting the credibility of his testimony in a subsequent trial, and we said: "When a prisoner enters his plea of guilty or where the prisoner is found guilty by the verdict of a jury, it is not necessary for the court to enter a judgment finding the prisoner guilty. When the court receives and enters the plea or verdict of guilty, it follows as a legal inference that the court finds the defendant guilty." (*Hoch* v. *People*, 219 Ill. 265.) And at page 456 of the *Andrae case* we further said: "Having taken advantage of the beneficent privileges of the act, there is no reason in law or justice why the convicted person should later be permitted to contend that he has not been convicted because he was not sentenced to a penal institution." In view of these cases, this contention of the plaintiff in error is without merit.

A further reason why plaintiff in error was not entitled to a hearing on his petition for a writ of error *coram nobis* is that said proceeding was not brought by the defendant within the period of five years after the rendition of final judgment in the case, as provided by section 72 of the Civil Practice Act. Plaintiff in error was last convicted on December 3, 1934, and his conviction was affirmed by this court on June 17, 1936, and rehearing denied on October 7, 1936. The petition for a writ of error *coram nobis* was not filed in the criminal court until November 10, 1944.

This question was raised by the State's Attorney in his motion to dismiss the petition for a writ of error *coram nobis*. Plaintiff in error says that the statutory period of five years does not apply to a person under duress and that one sentenced to life imprisonment certainly is not free to engage even in most necessary litigation and must be considered in duress. However, a reading of this section

shows that the disability or the duress must exist at the time of passing judgment. The exact language taken from section 72 of the Civil Practice Act reads as follows: "When the person entitled to make such motion shall be an infant, *non compos mentis,* or under duress at the time of passing judgment, the time of such disability shall be excluded from the computation of said five years." The serving of the sentence by the defendant subsequent to the passing of the judgment would not stop the running of the statute provided the defendant was not under duress at the time of the passing of the judgment. It is a matter of common knowledge that writs of error and writs of *habeas corpus* are filed on behalf of persons who are serving life sentences in the penitentiary, and in *People* v. *Crooks,* 326 Ill. 266, we said: "A motion for writ of error *coram nobis* may be heard after the defendant has been imprisoned and is serving his sentence, and the court may, upon a proper writ, have the defendant brought into court for such hearing, if necessary." We do not believe that this constitutes duress within the meaning of said exception in the provision fixing the period of limitation at five years.

Counsel, in his reply brief, says that this five-year limitation "is to be found under the Civil Practice Act and that there is no limitation as to criminal cases." However, the language in the concluding sentence of section 72 contemplates a criminal proceeding, as well as civil, because the section excludes from the period of limitation such time as the person entitled to make the motion may be under disability or under duress, and said period of five years commences at the time "of passing judgment," and this language can have application only to a criminal case. Furthermore, the only statute providing for this proceeding by motion in the nature of a writ of error *coram nobis* is to be found in the Civil Practice Act. This court, in *People* v. *Sprague,* 371 Ill. 627, which was a murder case, held that while a motion is allowed under the statute for the

correction of errors of fact it must be presented within five years of the rendition of the judgment, and under no other circumstances does a court have power to vacate a judgment of conviction after a defendant has commenced his sentence and after the end of the term of court at which he was convicted. This case was decided under the provision of the former Practice Act, which is identical with section 72 of the Civil Practice Act.

A motion in the nature of a writ of error *coram nobis* is an appropriate remedy in criminal cases, as well as .civil. *People* v. *Dabbs,* 372 Ill. 160, p. 166; *People ex rel. Courtney* v. *Greene,* 355 Ill. 468; *People* v. *Moran,* 342 Ill. 478.

Therefore, even if the plaintiff in error had a valid defense and was free from negligence in not presenting his defense before the rendition of the judgment in question, he is not entitled to relief in this proceeding, since the statute has run a'gainst him and he has no valid excuse for not commencing this proceeding earlier.

For the reasons indicated, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*