(No. 29950.—

THE PEOPLE *ex rel.* Coy Thompson, Petitioner, *vs.* WALTER
NIERSTHEIMER, Warden, Respondent.

*Announcement made January 21, 1947.*

COY THOMPSON, *pro se.*

PER CURIAM: Coy Thompson has presented to this
court a motion for leave to file an original petition for
writ of *habeas corpus.*

Petitioner was convicted in the criminal court of Cook
county on June 6, 1931, of the crime of murder, and
sentenced to imprisonment in the penitentiary for a term
of 100 years. To review that judgment he brought the
record to this court at the November term, 1942, by writ
of error. There he complained the sentence of one hun-
dred years in the penitentiary was illegal as it would de-
prive him of the benefit of the laws relative to probation
and parole. The opinion of this court, reported in 381
Ill. 71, found that the sentence was proper and legal. At
the March term, 1944, Thompson, represented by able
counsel, filed an original petition for a writ of *habeas
corpus* in this court, which was denied on March 14, 1944.

At the January term, 1946, the petitioner prosecuted
another writ of error to this court seeking reversal of his
conviction on the ground that he had been denied due
process of law. In an opinion reported in 392 Ill. 589,

the writ of error was dismissed on the ground that where the conviction of a defendant for murder had previously been affirmed on writ of error, the case will not again be 'reviewed by this court on another writ of error, holding that the defendant had the opportunity to present all errors occurring in the trial court and was conclusively presumed to have had all points decided, and was not entitled to more than one review, even though the objections later raised were not argued on the first review. In that case it was said: "The time should come in the history of a cause when litigation must end."

No bill of exceptions has been preserved, and only the common-law record is submitted with the present petition. The points relied upon are almost identical with those presented in support of his previous petition for writ of *habeas corpus,* and, briefly stated, are that he was arrested and charged with murder on June 30, 1931; that he was held incommunicado until the morning of July 6, 1931; that the grand jury was convened on the same date and returned an indictment the same morning; that he was refused the right to select his own counsel, but that the public defender was appointed by the trial court to represent him; that the petitioner pleaded not guilty, waived trial by jury and the case went to trial on the same day; that petitioner was found guilty of murder and his motions for new trial and in arrest of judgment were overruled and the petitioner sentenced by the trial court to one hundred years in the penitentiary, all on July 6, 1931; that he was, therefore, denied due process of law and equal protection of the laws. This court has on occasion decided procedure for cases of this character. In *People ex rel. Swolley* v. *Ragen,* 390 Ill. 106, we said: "It is well settled that the writ of *habeas corpus* cannot be permitted to take the place of a writ of error for the purpose of reviewing errors of a court having jurisdiction of the person and subject matter. If a court has jurisdiction, in a criminal

574

case, of the person and of the subject matter, the question whether errors or irregularities have occurred in the exercise of the jurisdiction can only be determined upon a writ of error."

Petitioner has failed to set forth any facts in his petition showing lack of jurisdiction of either the subject matter or of his person. It was further stated in the *Swolley case:* "Before an original petition for writ of *habeas corpus* may be filed in this court, the petition must show that there was a·lack of jurisdiction of the court to try the cause." The reasons assigned in support of this petition are errors that occurred in the trial of the case, and although they might have been of sufficient force to have caused a reversal upon writ of error if they had been properly assigned, they do not furnish grounds for the granting of a writ of *habeas corpus. People ex rel. Swolley* v. *Ragen,* 390 Ill. 106.

The motion is, therefore, denied.

*Motion denied.*