UNITED STATES ex rel. MILLS v. RAGEN.

No. 47 C 284.

District Court, N. D. Illinois, E. D.

March 30, 1948.

Martin S. Gerber, of Chicago, Ill., for relator.

George F. Barrett, Atty. Gen., of Illinois, and William C. Wines, Asst. Atty. Gen., of Illinois, for respondent.

CAMPBELL, District Judge.

On October 18, 1935 the relator was indicted by the Cook County Grand Jury for a burglary allegedly committed on October 12, 1935. By reason of the relator's previous record, the indictment contained an habitual count. On October 21, 1935, the Criminal Court of Cook County appointed the Public Defender to represent the relator. On October 23, 1935 the relator was arraigned and pleaded not guilty. On October 25, the relator secured a continuance of the trial to October 31, 1935.

On the latter date, the cause came on for trial before the Criminal Court of Cook County. Another indictment was also pending against the relator at that time. From the transcript of the proceedings before that court, it appears that the court was informed by both the relator and the Assistant Public Defender that the relator desired a short continuance because one George M. Crane, an attorney who had been retained by the relator's family on or about

October 30th to represent him, was not then present. Although at one point in the transcript the trial court stated that, if Mr. Crane personally appeared and requested a continuance, he would grant one for a reasonable time, the transcript as a whole reveals impatience, irascibility, and an attitude of prejudice against the defendant on the part of the trial judge. On the ground that the state's witnesses had come from Michigan, the court refused the relator's repeated requests for a continuance so that he could be represented by his own counsel. The court told the relator that he could either plead guilty to one indictment in return for dismissal of the other, or he would go to trial immediately on both indictments. When the relator again requested a continuance, the court summoned a jury. After the jury was sworn and the burglary charge explained to them by the court, the relator withdrew his plea of not guilty and pleaded guilty. The court thereupon ordered the state to nolle pros. the other case pending against the relator and not to have any indictments returned on four other charges against the relator.

On the plea of guilty and the habitual count in the indictment, the court sentenced the relator to life imprisonment. On November 5, 1935 the relator moved to vacate the sentence and to grant a new trial. Although the record does not show the disposition of this motion, it may be assumed that the motion was denied.

On March 13, 1946 the Illinois Supreme Court on a writ of error affirmed the judgment. The United States Supreme Court denied a petition for a writ of certiorari on May 13, 1946, Mills v. Ragen, 328 U.S. 846, 66 S.Ct. 1027, 90 L.Ed. 448. On August 8, 1946 the Criminal Court of Cook County dismissed a petition for a writ of habeas corpus. From this dismissal the relator's petition for a writ of certiorari was denied by the United States Supreme Court on October 28, 1946, 329 U.S. 770, 67 S.Ct. 132.

The relator filed his petition for a writ of habeas corpus in this court on February 12, 1947. The respondent's motion to dismiss was denied, and the writ issued returnable on July 21, 1947. A hearing was had on July 24, 1947. The cause was then taken under advisement, leave being granted the parties to argue the relator's motion to strike portions of the respondent's return and to argue the question of jurisdiction raised by the respondent. On stipulation of the parties, extensions of time were allowed for the filing of briefs, the petitioner's reply brief finally being filed on February 2, 1948.

Prior to considering the merits of the case, it is necessary to rule on the pending motions. First, the relator has moved to strike as scandalous and immaterial certain allegations in the respondent's return respecting the relator's previous record and statements allegedly made to an Assistant Public Defender admitting his guilt. This motion is denied. Second, leave is granted the relator on his motion to introduce subsequent to the hearing in this court an affidavit recently received from George M. Crane, attorney for the relator at his trial, concerning the circumstances of his absence on the day of the trial. Third, counsel for the relator has urged again in his brief that the testimony of, and the records produced by, the witness Frank Ferlic, a former Assistant Public Defender, be striken, for the reasons that the witness could not identify the relator as the defendant whom he had visited in the County Jail in 1935, and that the interview memorandum in the Public Defender's file, purporting to contain a statement by the relator of his guilt, has no case number, date or other notation definitely connecting the memorandum with the case of this relator. This objection was raised at the hearing and overruled, for the reason that in a proceeding of this nature I believe that all evidence which may possibly bear on the issues should be before the court. However, since the evidence produced by the witness Ferlic was not definitely connected with the relator, I have accorded it no weight. Fourth, the respondent was given leave at the end of the hearing to argue the jurisdictional issue in the briefs. In his brief, the respondent has not argued the point, apparently standing on the jurisdictional argument made in his return.

The respondent has there argued that the relator has not exhausted his state remedies, since, although he prosecuted a

writ of error from the Supreme Court of Illinois to review his conviction he did not file a bill of exceptions from the Criminal Court of Cook County. Although the twenty-year common law limitation period applies to the writ of error, a bill of exceptions must be submitted to the trial judge for certification within fifty days after conviction, or proceedings to submit a bill taken within such time. Smith-Hurd Ill.Ann.Stat. c. 110, § 259.70A. This relator did not take a writ of error until more than ten years after conviction. Since the relator could not then take a writ of error with a bill of exceptions, the respondent argued in his return that habeas corpus cannot be used as a substitute even though the time for effectively prosecuting an appeal has expired, citing Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588. It is sufficient answer to this aspect of the respondent's jurisdictional argument to quote the following language from the Sunal case, 332 U.S. at page 178, 67 S.Ct. at page 1590: "We put to one side comparable problems respecting the use of habeas corpus in the federal courts to challenge convictions obtained in the state courts. * * * So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal." It should also be noted in passing that the rule of the Sunal case is limited to mere errors of law not invading the constitutional rights of defendants or involving the jurisdiction of the trial court.

The respondent made the second jurisdictional point in his return that since the United States Supreme Court has denied certiorari to review a denial of a petition for habeas corpus by a state court, this court should not reexamine the matter, on the authority of White v. Ragen, 1945, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. Although the denial of habeas corpus in the White case was by the Illinois Supreme Court, the rule of that case is equally applicable to a denial of habeas corpus by a lower state court, because of the Illinois rule that the jurisdiction of the state Supreme Court and lower courts to issue habeas corpus is concurrent, and the corollary rule that a denial of habeas corpus by a lower court is not reviewable by the state Supreme Court. With respect to the respondent's point that this court cannot reexamine on habeas corpus a case in which the United States Supreme Court has denied certiorari, the following quotations from White v. Ragen are relevant (324 U.S. at pages 764, 765, 65 S.Ct. at pages 980, 981): "If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. 118, 64 S.Ct. 450, 88 L.Ed. 572. But where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a District Court from inquiring into the federal question presented to, but not considered by, the state court."

The Court then referred to the announcement made by the Illinois Supreme Court in People ex rel. Swolley v. Ragen, 1945, 390 Ill. 106, 61 N.E.2d 248, in which that Court stated that habeas corpus could not be used in place of the writ of error to review errors of a court having jurisdiction of the person and subject matter, and that petitions raising questions of fact, only, would not be considered. The United States Supreme Court took this announcement to mean that the Illinois Supreme Court will not entertain original applications for habeas corpus except on a record which excludes on its face the possibility of any trial in that court of an issue of fact.

The Court then went on to say (324 U.S. at page 767, 65 S.Ct. at page 982): "It follows that whenever the Illinois Supreme Court denies a petition for the writ originally filed in that court, without opinion or other indication of the ground of its decision, and when the petition relies on allegations of fact to raise federal questions, it is unnecessary for the petitioner, in order to exhaust his state remedies, to apply to this Court for certiorari to review the judgment

of the Supreme Court of Illinois. A denial of certiorari by this Court in such circumstances does not bar an application to a federal District Court for the relief, grounded on federal rights, which the Supreme Court of Illinois has denied. But any other state remedies, if available, must be exhausted before any application to the federal District Court."

In the case at bar, the basis for the relator's claim of the denial of a federal right by the trial court is the trial court's action in denying a short continuance so that the relator's own counsel could appear to represent him, and in coercing him to plead guilty. These are matters of fact not appearing in the common law record. They could not therefore be raised in the Illinois Supreme Court on a writ of error after the expiration of the fifty-day limit for certification of a bill of exceptions in the trial court. They could likewise not be raised in a petition for habeas corpus in the state courts because the jurisdiction of the trial court over the subject matter and the person of the relator appeared on the face of the common law record. The relator's petition for habeas corpus was dismissed by the Criminal Court of Cook County without opinion. It follows that the relator's petition in the United States Supreme Court for certiorari to review the denial of habeas corpus was unnecessary, and the denial of certiorari does not therefore preclude this court from entertaining the present petition, if no other state remedy is available to the relator.

In addition to the writ of error and the writ of habeas corpus, the third state remedy potentially available to a prisoner to obtain a post-conviction hearing is the statutory motion in the nature of a common law writ of error coram nobis. Smith-Hurd Ill.Ann.Stat. c. 110, sec. 196. The respondent has not urged here that the relator should have resorted to that remedy, as he has contended in other cases. See, in general, Katz, An Open Letter to the Attorney General of Illinois, 15 U. of Chi.L. Rev. 251 (1948); and a Study of the Illinois Supreme Court, 15 U. of Chi.L.Rev. 107, 118–131 (1947), for an excellent survey of what Mr. Justice Rutledge, concurring in

Marino v. Ragen, 1947, 332 U.S. 561, 564, 68 S.Ct. 240, 242, called "a procedural morass offering no substantial hope of relief." But this court should inquire into the matter on its own motion, since jurisdiction is involved. A motion in the nature of coram nobis is inappropriate in this case, first, because the motion is subject to a five year statute of limitations; second, because duress, which tolls the statute, does not consist merely in serving a sentence alleged to be erroneously imposed, People v. Rave, 1946, 392 Ill. 435, 65 N.E.2d 23; and third, because the facts alleged to constitute lack of due process in the case at bar were not only known to the trial court but arose out of its actions, the purpose of coram nobis, being merely "to bring before the court rendering the judgment matters of fact not appearing of record which, if known at the time the judgment was rendered, would have prevented its rendition." 392 Ill. at page 439, 65 N.E.2d at page 25.

The relator is therefore properly before this Court on a writ of habeas corpus, so far as jurisdiction is concerned.

In support of his case on the merits, the relator argues that his trial lacked due process of law in that (1) he was deprived of his right to counsel of his own choosing, and (2) he was coerced by the trial court into entering a plea of guilty. The respondent relies on Foster v. Illinois, 1947, 332 U.S. 134, 67 S.Ct. 1716, for the proposition that there is no federal constitutional guarantee of the right to counsel in non-capital cases in the state courts, and argues that in fact the relator was not denied the right to counsel and that nothing in the record supports his claim of denial of due process.

It is true that Foster v. Illinois is the latest affirmation by the Supreme Court that the rule of Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, requiring the appointment of counsel for defendants in state court prosecutions, is limited to capital cases. But this is not a case in which the defendant was not apprised of his right to counsel nor is it a case in which counsel was not appointed. If it were that type of case, Foster v. Illinois would require that the writ of habeas corpus heretofore issued be quashed.

**20**

Powell v. Alabama, however, is authority for a more basic proposition than the right to counsel in state court prosecutions for felonies having a capital penalty. In that case, the Supreme Court declared (287 U.S. at page 69, 53 S.Ct. at page 64): "If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."

The cases discussed by the Court in support of this statement are not capital cases, and since not all of them are criminal cases, this statement does not rest upon the Sixth Amendment to the United States Constitution. The statement on its face expresses an axiom of due process binding on all courts in all types of cases. The Supreme Court went on to say (287 U.S. at pages 71, 72, 53 S.Ct. at page 65): " * * * we think the failure of the trial court to give them reasonable time and opportunity to secure counsel was a clear denial of due process." The Court then said that under the circumstances of the case "the failure of the trial court to make an effective appointment of counsel was likewise a denial of due process within the meaning of the Fourteenth Amendment. * * * In a case such as this, whatever may be the rule in other cases, the right to have counsel appointed, when necessary, is a logical corollary from the constitutional right to be heard by counsel."

In the case at bar, it is not the corollary right to have counsel appointed, in a proper case, which is involved, but the basic right to be heard by counsel. The issue is therefore whether the action of the trial court in refusing to grant a continuance until the relator's counsel could appear constitutes a refusal to allow the relator to be heard by counsel.

No one is more aware than a trial judge of the necessity that a trial judge should have wide discretion in granting or denying continuances. The exercise of this discretion should not be easily upset on appeal, and it should be even less easily upset by a collateral attack such as habeas corpus.

In Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, the Supreme Court stated that the disposition of a request for a continuance is ordinarily in the discretion of the trial court and is not subject to review. But it further pointed out that a denial of the opportunity to confer in the preparation of the defense may convert the appointment of counsel into a sham and a mere formal compliance with the constitutional requirement. Under the facts of the case, the Court concluded that the petitioner had had zealous representation by his appointed counsel. There was no coerced plea of guilty in the Avery case. There was an interval of a few days between the appointment of counsel and the trial in which counsel had made some investigation of the facts. On the record, the Court could not say that the trial judge deprived the petitioner of any right.

In the case at bar, however, the refusal to grant a continuance resulted in the relator's being deprived of his right to be heard by his counsel. There is no history here of a long series of continuances and delaying tactics by counsel which would justify the court in taking drastic measures. The relator's attorney had been retained by his family only the day before the trial. The indictment had been returned less than two weeks prior thereto.

The record also reveals that the irascibility of the trial judge intimidated and coerced the Assistant Public Defenders, Mr. John M. Branion and Mr. Lester N. Grossman, and thereby deprived the relator of whatever representation they might have provided. Mr. Branion testified on the hearing on this writ that both he and the relator had been "pushed around" by the trial court and that he did not think the relator had received a fair trial.

Finally, the action of the trial judge in summoning a jury and threatening the relator compelled him to plead guilty. If coercion by a prosecuting attorney of a defendant into pleading guilty deprives the defendant of a constitutional right, see Walker v. Johnston, 1941, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, coercion by a court, which is charged with the duty of presiding at an impartial judicial hearing, is a fortiori the denial of due process. Compare also House

v. Mayo, 1945, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739, in which it appeared that the petitioner, as defendant in a state court prosecution for burglary, on the day on which he was to be sentenced for two other offenses, was presented with an information charging him with burglary; that he asked for time to communicate and consult with his attorney who was then in another city; that his request was denied and he was forced to plead guilty within a few minutes after receiving a copy of the information. The Supreme Court declared (324 U.S. at pages 45, 46, 65 S.Ct. at pages 519, 520): "* * * the trial court, without warning, and over petitioner's protest, forced him to plead to the information without the aid and advice of his counsel, whose presence he requested. This was a denial of petitioner's constitutional right to a fair trial, with the aid and assistance of counsel whom he had retained. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Ex parte Hawk, 321 U.S. 114, 115, 116, 64 S.Ct. 448, 449 [88 L.Ed. 572]. We need not consider whether the state would have been required to appoint counsel for petitioner on the facts alleged in the petition. Compare Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, with Williams v. Kaiser, supra [323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398], and Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370 [89 L.Ed. 407]. It is enough that petitioner had his own attorney and was not afforded a reasonable opportunity to consult with him. The fact that petitioner pleaded guilty after the denial of his request for time to consult with his counsel, does not deprive him of his constitutional right to counsel."

House v. Mayo is significant because, like the case at bar, it was a state court prosecution for burglary. It did not involve the question of the obligation of a state court to advise the defendant of his right to counsel or of its duty to appoint counsel if the defendant requested counsel but was indigent. It had the additional element not present in the case at bar of surprise. In the present case, however, although the relator had some notice of the charge against him and had pleaded not guilty, he had not had time to consult with his counsel who had been retained only the day before the trial, and who was, on the day of the trial, detained in another court.

I have also considered the latest habeas corpus cases in our Circuit Court of Appeals. United States ex rel. Charles Hanson v. Ragen, 166 F.2d 608; United States ex rel. Coy Thompson v. Nierstheimer, 166 F.2d 87, and United States ex rel. Feeley v. Ragen, 166 F.2d 976. In all the relator lost his fight for freedom; the Court of Appeals reversed the judgment of the District Court discharging the relator from custody in the Hanson and Feeley cases, and affirmed the denial of discharge in the Thompson case. In my opinion, these cases are all readily distinguishable on their facts from the case at bar, and are therefore not determinative of the rights of the present relator under the facts of this case and in the light of the foregoing review of Supreme Court authorities.

The petitioner's federal right to due process of law in the trial of his case has therefore been violated in the following respects by the Criminal Court of Cook County: (1) refusal to allow him reasonable opportunity to be heard through counsel of his own choice (cf. Powell v. Alabama, supra); (2) refusal to allow him reasonable opportunity to consult with his own counsel before changing his plea from not guilty to guilty (cf. House v. Mayo, supra); (3) intimidation and coercion into pleading guilty (cf. Walker v. Johnston, supra).

The writ of habeas corpus is the proper remedy in the federal courts in "those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights," at least when "the facts relied on are dehors the record and their effect on the judgment was not open to consideration and review on appeal." Waley v. Johnston, 1942, 316 U.S. 101, 104, 105, 62 S.Ct. 964, 966, 88 L.Ed. 1302. Even if the facts relied on could have been raised on appeal, as in the present case by a writ of error with a bill of exceptions, they can still be raised by habeas corpus because they involve not merely errors of law but violations of basic constitutional safeguards of

life and liberty. Johnson v. Zerbst, 1938, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461; Williams v. Kaiser, 1945, 323 U.S. 471, 477, 65 S.Ct. 363, 89 L.Ed. 398. This rule applies whether or not the defendant was represented by counsel at the trial stage, for the reason that a defendant who could afford to retain counsel for trial, or on a motion for a new trial (as in the case at bar), may not be able to afford the expense of taking an appeal.

Compliance with constitutional guarantees is a jurisdictional prerequisite to a court's authority to deprive a defendant of his life or liberty. Johnson v. Zerbst, supra, 304 U.S. at page 467, 58 S.Ct. at page 1024. For the foregoing reasons, the judgment of the Criminal Court of Cook County imposing the sentence of life imprisonment on the relator was void.

It is therefore ordered that the relator be. and he is hereby, discharged from the custody of the respondent.